The State v. Williams.

THE STATE v. WILLIAMS.

1. **Criminal Evidence:** UTTERING FORGED NOTE: PRESUMPTION OF GUILT FROM FALSE REPRESENTATIONS. Where it was established that the defendant in an indictment for uttering a forged note falsely represented in negotiating the note that he was the payee thereof, this was a circumstance tending to impeach the good faith of the transaction, and to justify the inference that he knew the note to be forged.

REED and SEEVERS, J. J., *dissenting.*

2. ———: ———: INSTRUCTION AS TO EVIDENCE OF INTENT. An instruction in these words: "The intent with which a criminal act is committed need not be shown by direct proof, but it may be inferred from what the party does. It may also be inferred from all the facts and circumstances under which the act complained of was committed, as disclosed by the evidence,"—*held* not erroneous as invading the province of the jury.

3. **Instructions:** MUST BE CONSTRUED TOGETHER. An instruction which, standing alone, might mislead the jury, is no ground for reversal when, taken with the other instructions given, it could not have that effect.

4. ———: REDUNDANCY WITHOUT PREJUDICE: NO REVERSAL. An instruction which might properly have been omitted, but which could not have misled the jury, *held* no ground for reversal.

*Appeal from Montgomery District Court.*

SATURDAY, JUNE 13.

THE defendant was indicted for the crime of uttering and publishing a forged note. Verdict and judgment were rendered against him, and he appeals to this court.

*S. McPherson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, J.—I.  The note in question purported to be executed by C. F. Teliarey and W. North to C. C. Cole. The defendant sold the note to the prosecuting witness, H. N. Moore, and transferred it to him by indorsing thereon the name of C. C. Cole. The evidence tended strongly to show that the name of W. North was forged. But the defendant insists that there is no evidence that he knew it was forged. The prosecuting witness testified that the defendant represented himself to be C. C. Cole, the payee of the note. The defendant was examined as a witness in his own behalf, and did not deny that he so represented himself, and the fact of the misrepresentation must be regarded as established. Now, it appears to us that this was a ciscumstance against the defendant. The misrepresentation did not, it is true, necessarily show a criminal intent. He testified that he was authorized by Cole to use his name in indorsing the note, and it is possible that he pretended that he was Cole to prevent any question from being raised in regard to his authority. But no sufficient reason is given why the note was not indorsed by Cole himself. The assumption, then, by the defendant that he was Cole, was, we think, a circumstance tending to impeach the good faith of the transaction, and to justify the inference that he knew that North's name was forged.

*Margin note:* 1. CRIMINAL evidence : uttering forged note : presumption of guilt from false representations.

II.  The court gave an instruction in these words: "The intent with which a criminal act is committed need not be 2. ——: ——: shown by direct proof, but it may be inferred from what the party does; it may also be inferred from all the facts and circumstances under which the act complained of was committed, as disclosed by the evidence."  The giving of this instruction is assigned as error. The defendant contends that the court invaded the province of the jury in holding that the evidence was sufficient to justify the finding of a criminal intent.  But the rule laid down was stated in a general or abstract way.  We do not think that the court had any intention to instruct in regard to the weight of evidence, nor do we think that the jury could have so understood the court.  The instruction pertained to the kind of evidence which the jury might consider as bearing upon the question of intent, and is not, we think, subject to the objection urged.

*2. —: —: instruction as to evidence of intent.*

III.  The court gave an instruction in these words: "Defendant claims that he got said note from C. C. Cole, and did not know that it was a forgery when he sold it to Moore.  If you believe this to be true, then you should acquit the defendant."  The giving of this instruction is assigned as error.  The objection urged is that it was calculated to lead the jury to think that, unless they believed that the defendant did not have knowledge of the forgery, they should not acquit; whereas they were bound to acquit if they had a reasonable doubt of the defendant's knowledge of the forgery.  While we cannot approve the instruction as a model one, we do not feel justified in making it a ground of reversal.  The erroneous implication complained of does not necessarily arise, nor do we think that it could so easily arise as to justify the supposition that the jury might have been misled.  Perhaps we might think that they might have been, but for another instruction in regard to the defendant's knowledge of the forgery.  The court had already expressly instructed the jury

*3. INSTRUCTIONS: must be construed together.*

that to justify a conviction they must find beyond a reasonable doubt that the defendant had knowledge of the forgery.

IV.   The court gave an instruction in these words:   "If * * * you find beyond a reasonable doubt that the defendant sold the note to said Moore as a genuine note, that the note was a forgery, and that he sold the same to said Moore with the intent to defraud, then you should convict; but, if you do not so find, then you should acquit."   The giving of this instruction is assigned as error.   It is said that the jury might have found all the facts mentioned, and still not find knowledge of the forgery, and without that a conviction was not justifiable. But no fraud was charged except the sale of a note known to be forged.   No other fraud appears to have been suggested in the course of the trial.   While, therefore, we think the instruction might properly enough have been omitted, we do not, under the circumstances of the case, think that the jury could have been misled by it.

4. ——: redundancy without prejudice : no reversal.

We see no reversible error, and the judgment must be

AFFIRMED.

REED, J., *dissenting*.—One of the material averments of the indictment is that the defendant uttered and published the forged instrument with a fraudulent intent.   To establish this averment it was essential for the state to prove that he knew when he passed the note that it was forged.   The only evidence which it is claimed has any tendency to prove this fact is the circumstance that defendant falsely represented that he was C. C. Cole, the payee of the note.   In my opinion this is entirely insufficient.   It may be that this circumstance justifies the suspicion that he knew the character of the instrument, but it falls far short of proving the fact with that degree of certainty which is required in criminal cases.

SEEVERS, J., concurs in this dissent.