WILLIAM A. HUFF, plaintiff in error, *vs.* C. A. WRIGHT, defendant in error.

1. The second Section of the 7th Article of the Constitution of this State, as well as the Act of 1866, has changed the relation which married women bear to their husbands, so far as their estates are concerned, and vests in them all property of which they may be possessed at the time of marriage contracted since the adoption of the Constitution, and all property given to, inherited, or acquired by them since that date.

2. Under the Code, a marrried woman may, as to her separate estate, contract and be contracted with, except as to contracts of suretyship, etc., and may, if she have no trustee, be sued separately as a *feme sole.*

3. The relation being changed, as above stated, the presumption is, when a married woman gives her separate note, in the purchase of property, that she has a separate estate, and that she contracts with reference to it.   And, if suit is brought against her upon such note, without joining her husband, and she fails to defend, by showing she has no separate estate, or other good cause, the judgment binds her separate property, and will not be set aside on motion, because of the non-joinder of her husband.

Motion to vacate judgment against a married woman. Decided by Judge CLARK.   Sumter Superior Court.   February, 1868.

Huff, in 1867, in the County-Court, averred that C. A. Wright was indebted to him $93 10, besides interest, upon the following promissory note:

"Thirty days after date I promise to pay W. A. Huff, or bearer, ninety-three and 10-100 dollars, payable in Macon, Ga., for value received in tobacco, in 1865.        C. A. WRIGHT.
Macon, Ga., Sept 20, 1866."

The service was by leaving a copy "at place of residence." There was no appearance by C. A. Wright. Judgment was entered, and the *fi. fa.* issued upon it was levied on certain property, "as the property of Mrs. C. A. Wright." Until this, she had not been, in any way, recognized in this proceeding as a *feme couvert*, or a *feme* at all. After this, she moved, in the Superior Court, to set aside said judgment, on the ground that when said note was made, and when the judgment was entered, she was *couvert*, the wife of Melton A. Wright.

This being admitted, the Court, upon inspection of said papers, vacated the judgment, and this is assigned as error.

C. T. Goode and S. H. Hawkins, for plaintiff in error, cited Code, secs. 3529, 3530, 3449, 3532. If there be irregularity, it is amendable. *Ramsey vs. McRea,* 14 *Ga. R.,* 589; *Holcombe vs. Roberts,* 19 *Ga. R.,* 588. Being served she is estopped by not pleading coverture. Macnamara on Irregularities, 167 to 169; 13 *Ga. R.,* 1; 26 *Ga. R.,* 140; Ch. Pl. 447; 3 T. R., 627; Code, sec. 3427; 5 Taunton, 37; Code, sec. 3621; *Barksdale vs. Green,* 29 *Ga. R.,* 418. The law presumes she had a separate estate, and is a free dealer. Corbit vs. Polnitz and wife, 1 Tenn. R., 5; Code, secs. 1773, 1774, 3700; Addison on Contracts, 702; *Pool and wife vs. Morris, et al.,* 29 *Ga. R.,* 374; *Schley et al., vs. Dixon et al.,* 24 *Ga. R.,* 273; Tucker vs. Harris, 13 Ga. R., 7.

S. C. Elam, for defendant in error.

Brown. C. J.

The second paragraph of the first section of the seventh article of the Constitution of this State, declares that, "All property of the wife, in her possession at the time of her marriage, and all property given to, inherited, or acquired by her,

shall remain her separate property, and not be liable for the debts of her husband." The same rule substantially, is laid down by the Act of 1866. See Revised Code, sec. 1744.

1. While this provision of the fundamental and of the statute law does not divest any right of property that had vested in husbands by virtue of the marriage relation, it lays down an entirely new rule for the future, and vests in the wife absolutely, free from the debts of her husband, all property which she may possess at the time of a marriage contract since the rule was changed, and all that may be given to, inherited, or acquired by her. This change of the law entirely changes the relation which married women bear to their husbands, so far as their estate in their property is concerned. - Husband and wife are no longer a unit, one person in law, with all the property vested in the husband as the head of the family, and subject to his debts, but they are, in law, so far as property is concerned, two distinct persons, with distinct and separate rights. In a word, the common law rule upon this subject, no longer prevails in this State. And every married woman entering into the matrimonial relation, since the abrogation of the common law rule, remains, as to her property, a *feme sole,* without the necessity even of a trustee to protect it, with power to purchase, hold, and convey property, contract and be contracted with, sue and be sued, as a *feme sole.*

2. While the Code fully recognizes this power of contracting, it lays down certain exceptions to the rule, which are intended to protect the wife against undue influence. She cannot bind her separate estate by a contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband, in extinguishment of his debts, shall be absolutely void. Revised Code, sec. 1773.

" If there is no trustee, the wife may sue and be sued as to her separate estate, as a *feme sole ;* and in all such cases the separate estate shall be responsible for all costs incurred." Sec. 1774.

3. In such suit, as is provided for in the last mentioned

section, the husband is not a proper party, and is not to be joined with the wife, she sues and is sued, not as a *feme couvert*, but as a *feme sole*. Under this law, a married woman, who purchases property and gives her individual note, is presumed to have a separate estate, and to contract with reference to it. And if the creditor brings suit against her on such note, without joining her husband, the legal presumption is that the action is properly brought; and after she has been legally served, if she fails to appear by herself or counsel, and defend, by showing that she has no separate estate, or by setting up other good cause of defense, and a judgment is rendered against her, it binds her separate estate, and it will not be set aside on motion on account of the non-joinder of the husband.

Judgment reversed.