SARAH DUBOSE, by her next friend, plaintiff in error, *vs.* EDWARD McDONALD, defendant in error.

Where a wife, with consent of her husband, rents land on her own account, hires a man to cultivate it, and furnishes and feeds a horse, out of her separate estate, to be used in making the crop, the crop, when

made, is not subject to a factor's lien given by her husband on *his* crop, made the same year, for provisions furnished, especially when the evidence shows that none of the provisions furnished were used by the wife in making her crop.

Factor's lien. Husband and wife. Separate estate. Before Judge HARRELL. Randolph county. At Chambers. February 9th, 1872.

Edward McDonald levied an execution, based on a factor's lien, on two bales of cotton as the property of Sidney Dubose. Sarah Dubose, by her next friend, filed a claim to said cotton, which was tried before the Justice Court for the Seven Hundred and Eighteenth District, Georgia Militia, and said property found subject. The claimant presented her petition for the writ of *certiorari* to Judge Harrell, which set forth substantially the following facts as appearing from the evidence in said cause: That Sidney Dubose, the husband of claimant, purchased from McDonald provisions, bagging and ties, to assist him in making his crop for the year 1870, and gave to him a factor's lien upon said crop; that the cotton levied on was not put up in said bagging; that Sidney Dubose farmed separate from his wife, and had no interest whatever in her farm; that he did not furnish her with supplies of any kind; that he borrowed some corn from his wife which he returned from corn purchased from McDonald; that Sarah Dubose rented the land she farmed on, and furnished her own provisions; that the cotton levied on is the cotton made by said Sarah Dubose; that McDonald sold no supplies of any kind to Sarah Dubose.

The writ of *certiorari* was refused, and plaintiff in error excepted.

WORRILL & CHASTAINE, for plaintiff in error.

HOOD & KIDDOO, for defendant.

MONTGOMERY, Judge.

Since the Act of 1866 and the Constitution of 1868, section 2, Article 7, married women who have no trustee stand very much upon the same footing as *femes sole*, except as to contracts of suretyship, etc., as to their separate property: *Huff vs. Wright*, 39 *Ga.*, 41. The evidence in this case shows that the wife had separate property; that she hired the farm on which the cotton levied on was made, with her husband's assent; that out of her separate estate she furnished and fed a horse to work the farm; that none of the provisions furnished to her husband by the plaintiff in *fi. fa.* were used in making her crop, except in so far as her husband out of them returned to her some corn he had borrowed from her; that her husband had nothing to do with her farm. We think, then, under the foregoing facts, the factor had no more right to levy his lien execution on her crop than he had to levy it on the crop of any stranger.

Let the judgment be reversed.