## WILCOXSON *vs.* THE STATE OF GEORGIA.

A conviction for forgery may be founded on an order to a store-keeper to let bearer have $3.00 worth of goods, and charge to account of the person whose signature was thereto appended, though she was a married woman. In the absence of proof to the contrary, where a *feme covert* signs a note or order for goods or money, a separate estate will be presumed.

Criminal law. Forgery. Husband and wife. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

Reported in the decision.

E. N. BROYLES, for plaintiff in error.

B. H. HILL, Jr., solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "forgery," and charged with falsely and fraudulently uttering and publishing as true to one W. H. Brotherton, in said county, a certain false and forged order in writing, of the tenor following, to-wit: "Atlanta, Ga., Feb. 1st,'77. Mr. Brotherton, let the bearer have $3.00 worth of dry goods and charge to my account. Respectfully, Mrs. Ann Jones," knowing the same to have been so falsely and fraudulently forged with intent then and there to defraud the said W. H. Brotherton, contrary to the laws of said state, etc. On the trial of the case, the jury found the defendant guilty. A motion in arrest of judgment was made by the defendant, and also a motion

for a new trial on the grounds therein stated, both of which, were overruled, and the defendant excepted.

The motion in arrest of judgment was not insisted on here. The main ground of error urged in behalf of the defendant was that the instrument which the defendant was charged with having uttered and published as true, had no legal efficacy; that it was signed by a married woman with directions to charge the goods to her account; that if the paper had been a true, genuine paper, it would not have created any legal liability on anybody.

In view of the law in this state, when a married woman signs a promissory note, or an order for money or goods, the legal presumption is (in the absence of any proof to the contrary) that she has a separate estate out of which she intends to pay it. *Huff vs. Wright*, 39 *Ga. Rep.*, 41. The defendant was charged in the indictment with having uttered and published as true to one W. H. Brotherton, the false and forged order herein before described, knowing the same to have been falsely and fraudulently forged, with intent to defraud the said Brotherton. There is ample evidence in the record to sustain the verdict of the jury, and there was no error in overruling the motion for a new trial. See *Thomas vs. The State*, 59th *Ga.*, 784.

Let the judgment of the court below be affirmed.