## MARCH, PRICE & Co. v. CLARK.*

*(Circuit Court, S. D. Georgia.   October, 1882.)*

1. HUSBAND AND WIFE—LIABILITY OF WIFE.

   Where it was shown by the evidence that the wife had a separate estate; carried on the plantation for which supplies were bought; shipped the crop with her own marks; the credit was given to her; the accounts were kept in her name; the husband was absent on other business, and was without property and means,—the jury were justified in finding a verdict against the wife.

2. SAME.

   In order to find a verdict in such a case against the wife, the jury must be satisfied that the debt for which the note sued upon was given, was contracted for the benefit of her separate estate.

*J. K. Hines,* for plaintiffs.

*Lyons & Gresham,* for defendant.

PARDEE, C. J.   The suit is on a draft drawn and indorsed by defendant. The pleas are the general issue, want of protest, and notice, and that the defendant is a married woman, and that the draft was given to pay a debt of the husband. The case submitted to the jury was on the last-named plea.

As to whether defendant had a separate estate to be charged, no issue was made. The presumption of law, under the circumstances attendant upon the drawing of the draft sued on, was that she had such separate estate, (see *Huff* v. *Wright,* 39 Ga. 41; *Wilcoxson* v. *State,* 60 Ga. 184;) and if it were necessary to be proved, then I am inclined to think the fact is established by the evidence.

On the question actually in issue and submitted to the jury, as to whether the draft sued on was given by defendant to pay a debt of the husband, the evidence is conflicting. The jury found against the plea. There was certainly evidence submitted to the jury which, if credited by them, was sufficient to warrant this finding. I am not sure but that if I had been a member of the jury, and unacquainted

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

with any reason to doubt the testimony of plaintiffs' witnesses, I would have so found myself. The wife had a separate estate; she carried on the plantation for which supplies were bought; she shipped the crop with her own marks; the credit was given to her; the accounts were kept in her name; the husband was absent on other business, and was without property and means. Under this proof it is easy to see how the jury refused to find that the husband carried on the place, with his wife as agent, and that the debt contracted for supplies was the husband's debt, which the wife gave the draft to pay. But be this as it may, the verdict of the jury on the issue submitted was supported by evidence, and cannot be said to be either against the law or the evidence.

Nor can the verdict be said to be against the charge of the judge, given in these words: "Unless you are satisfied that the debt for which this paper was given was contracted for the benefit of the separate estate of the defendant, who is a married woman, which latter fact is not controverted, you should find for the defendant." Undoubtedly the jury was satisfied that the debt was contracted for the benefit of the separate estate of the defendant, for there was evidence submitted which, if credited, tended to show that fact. This case turned on a question of fact, and came within the province of the jury. There is evidence to support the finding; the verdict ought not to be disturbed by the court. The motion for a new trial will be overruled.