## No. 9885.

### The State of Louisiana vs. David Jefferson.

A written acknowledgment that A has picked *so many* pounds of cotton, purporting to be signed by the proper party, amounts to a note or order for the payment of money. Under a charge of *forgery,* it can serve as a basis for an indictment.

Whether such instrument was or not used for the purpose of drawing money, is a matter of fact within the province of the jury.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman,* J.

*M. J. Cunningham,* Attorney General, and *John C. Wickliffe,* District Attorney, for the State, Appellant.

*Cullom & Son* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The State appeals from a judgment sustaining a demurrer to the indictment against the defendant, charging him with forgery.

The grounds set forth to quash the indictment are:

1.   That the charges laid in the indictment are too vague, uncertain and indefinite to warrant the prosecution.

2.   That the instruments, papers or orders charged to have been forged, uttered and published, have not the requisites of orders, as shown on their face, and could not serve to defraud anyone.

3.   That said instruments are of no effect, and are such that forgery cannot be predicated on them.

4.   That said instruments are in reality what the indictment describes and alleges them to be, and are not susceptible of the charge of forgery.

I.

The defendant has not shown in what respects the indictment are open to the charges of vagueness, uncertainty and indefiniteness, either in his plea or in his argument, and the Court cannot be expected to raise points and issues for his benefit, which he has not made.

II

The indictment charges that the defendant, with intent to defraud a named person, has forged and uttered certain orders of the following tenor: "Willy Johns has picked 215 pounds of cotton, *Henry Weastly,*" and "David Jefferson has picked 852 pounds of cotton. *Henry Woothen.*"

The law does not require, in cases of forgery, that the instrument charged to have been forged, shall on its face purport to be an order for the payment of money or delivery of goods.

It is sufficient that the instrument be one, by the use of which, money or goods can be obtained.

It has been held that the following instrument; "Due J. F., one dollar on settlement this day" is the forgery of a note for the payment of money.   People vs. Finch, 5 Johns (N. Y.) 236.

It enters in the order of probabilities that the instruments charged to have been forged and uttered, were issued by some one in authority

to acknowledge work done by a laborer, in a manner intended to serve as the basis for the computation of what he may have earned; that an acknowledgment of that description is equivalent to an order on a disbursing agent, which, on presentation, entitles the party named, or the bearer, to payment of the realized amount, viz: So much per pound of cotton; and that the delivery of such written acknowledgment amounts to a receipt showing payment.

Whether the instruments charged in this case as having been forged and uttered are such, is a question of fact for the jury to determine.

They came within the charge, if the evidence establish that, on presentation of genuine similar instruments money can be obtained.

### III AND IV.

The third and fourth grounds are a repetition of the second one in a different form, but are substantially the same.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; that the demurrer be overruled, and that the case be remanded for further proceedings according to law, with costs.