The opinion of the court was delivered by
Breaux, J.
The defendant was indicted for forgery in one count and for publishing and uttering a certain forged promissory note in a second count. The jury returned a verdict of guilty; he was sentenced to serve three years at hard labor. Prom the sentence and judgment he prosecutes this appeal.
The defendant in the first place complains of the ruling refusing *1693 to grant him a continuance. The narrative of the trial judge embodied in the bill of exceptions shows that one of the defendant’s witnesses had not been served with a subpoena because of an oversight. We are not of the opinion that the court should stop its proceedings to enable the officer to serve a subpoena, unless it is manifest that the defendant has been ordinarily diligent. The question was one of fact. The court a qua did not exceed the limits of its discretion.
Counsel urged in defence on appeal that the indictment is fatally defective in that it does not charge that the accused intended to ■defraud any one.
Furthermore that the promissory note alleged to have been forged was not described in the manner required. The indictment shows that the defendant, on a date stated, feloniously forged a promissory note with intent to. defraud, and in the second count that he felo-niously published and uttered a promissory note.
Recurring to the first point raised, our attention was directed to a decision of this court in which a similar ground was considered and decided — i. e., failure to set forth the name of the one to whom it was offered and the failure to name the one it was the intention of the accused to defraud, citing in support of its conclusion the case of State vs. Maas, 37 An. 292, and Section 1052 of the Revised Statutes.
In the cited case the court held that it was not needful to show that the intention was to defraud any particular person, and that the indictment was explicit enough when it charged (as in the •ease here) that the accused “ did feloniously and falsely forge a certain cheque or bill of exchange for the sum of one hundred dollars with the felonious intent thereby to defraud.” The conclusion finds ample support in the article of the Revised Statutes 1052, directing that it shall not be necessary to prove an intent on the part of the defendant to defraud any particular person, provided it is shown that the defendant did the act charged with intent to defraud.
The second ground urged by the defendant was equally untenable, in that the instrument forged was not described.
We find that upon this point also the utterances of this court in the case last cited were conclusive against the position here taken by defendant; the court in terms holds that former essentials in indictments for forgery are dispensed with, and that under the statute of *1694 the State it is only required that the instrument be named or designated in language by which it may be usually known.
The third ground relating to non-averment of value is also within the terms of the cited authority.
We quote from the decision, supra: “Neither a copy nor a facsimile, nor any description otherwise of it or of its value, is now necessary. Citing Revised Statutes, Sec. 1049.
A promissory note has a well-defined meaning, rendering it unnecessary to mention that the forgery committed was of a promissory-note for the payment of money. It necessarily follows that it was a note for money, it having been alleged that it was a promissory note.
The defendant in support of his position cited State vs. Murphy, 46 An. 415.
In the cited case it did not appear on the face of the forged instrument that it was, or that it could be, binding upon any one; it was not such an instrument as could be forged under the statute enumerating the instruments which are susceptible of being forged. The ease here charges, in the words of the statute, that a “ promissory note” had been forged, for which the accused was convicted.
The defendant also complains of the trial judge’s ruling in permitting the State to introduce in evidence the note charged to have been forged after the State had closed the examination in chief and rested, and the defendant had commenced the examination of witnesses. We gather from the record that the prosecution had produced the note; the witness had testified with reference to it. Formally it was offered before the examination had been closed. It is well settled that the court may admit additional evidence for the prosecution after the State has commenced the examination of other witnesses. State vs. Colbert, 29 An. 715; State vs. Rose, 33 An. 932.
This completes a review of the points presented on motions and bills of exceptions. We have not found any ground to set aside the verdict, and sentence.
The judgment is affirmed.