(37 South. 711.)

No. 15,394.

STATE v. ALEXANDER.

(Dec. 19, 1904.)

FORGERY—INFORMATION — SUFFICIENCY — INSTRUMENT FORGED—ORDER FOR GOODS.

1. It is not essentially necessary for a prosecution in every case, under section 833 of the Revised Statutes, that either of the words "forge," "counterfeit," or "alter" should be employed in the information. It was sufficient in this particular case to charge the accused with having "falsely made" the instrument (which was copied in the information), declaring it to be (as it was on its face) "an order for money or goods," and declaring further that that instrument was "falsely made" by the party charged, with the intention of defrauding some one.

2. The information in this case having, in the exact terms of the statute on which the prosecution was based, charged the accused with having done the very act denounced therein as a crime, there was no necessity for supplementing its recitals by an additional statement of facts.

3. It was not necessary, in the information filed in this case, to have set out that a particular amount in money or goods of any particular quantity or value had been fixed in the order (falsely made) for the payment of goods.

4. It was not necessary to the offense charged in this case that the instrument should be one which, if genuine, would be a binding obligation. It is sufficient that the instrument purports to be good. The want of validity must appear on the face of the papers. The prefixing of the abbreviation "Mrs." to the name of a person purporting to have signed an order for the payment of money or goods does not carry with it the presumption that the signer was a married woman, or, being one, that her order was not a valid or legal order.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Topsy Alexander was charged with forgery. From an order quashing the information, the state appeals. Reversed.

Walter Guion, Atty. Gen., and Joseph W. Joffrion, Dist. Atty. (Lewis Guion, of counsel), for the State. Joseph Clifton Cappel and William Harris Peterman, for appellee.

Statement of the Case.

NICHOLLS, J. The state is appellant from a judgment of the district court sustaining a motion on behalf of the defendant to quash the information which had been filed against her herein.

In that information it is charged that the defendant (naming her)—

"On or about the 15th day of July, A. D. 1904, with force and arms, in the parish, district, and state aforesaid, and within the jurisdiction of the Fourteenth Judicial District Court, did willfully, maliciously, feloniously, and falsely make, with intent to defraud, a certain order for money and goods as follows:

" 'Mr. Levy let this girl have what she want I see to the debt being paid. Mrs. P. B. Wright.'

"The whole of said order, together with the signature of Mrs. P. B. Wright, being forged and counterfeited, and falsely made."

The motion to quash the information was based upon the following specific ground:

"Because said information fails to aver that the writing therein described would, if genuine, injure any one or be the basis of any legal liability, and said instrument on its face is incomplete; that is to say, as it stands it cannot be the basis of any legal liability without averment and proof of facts dehors the instrument itself."

The court assigned no written reasons for its ruling.

Appellee's counsel submit the following propositions of law, and as sustained by the authorities which they cite:

(1) Where an instrument is incomplete on its face, so that, as it stands, it cannot be the basis of any legal liability, then, to make the technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force.

(2) It is an indispensable element in the crime of forgery that the forged paper be such that, if genuine, it may injure some person. Am. & Eng. Ency. of Law, vol. 13, p. 1085, "Forgery."

(3) The indictment must show that the instrument alleged to have been forged would, if genuine, be capable of being used in a legal process, and therefore potent to work injury. Am. & Eng. Ency. of Law (1st Ed.) vol. 8, p. 512.

(4) An instrument which is void on its face is not, as a general rule, the subject of forgery, because it has not the capability of effecting fraud. If the instrument has no validity itself, but extrinsic facts may show its validity, these facts must be alleged in the indictment. Am. & Eng. Ency. of Law, vol. 13, p. 1096, note 8.

The state submits the following propositions and authorities:

To constitute forgery, the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious, if the instrument be made or uttered with intent to defraud. Am. & Eng. Ency. of Law, vol. 13, p. 1088, and note 2, and page 1096, with long list of authorities—among others, State v. Hahn, 38 La. Ann. 169; Underhill on Criminal Evidence, §§ 422, 427; Wharton's Criminal Law (9th Ed.) vol. 1, § 693.

It is not necessary in the indictment to set out the value of the instrument, or the amount for which the forgery was committed. State v. Gaubert, 49 La. Ann. 1692, 22 South. 930; Rev. St. § 1049; State v. Jefferson, 39 La. Ann. 331, 1 South. 669; State v. Maas, 37 La. Ann. 292; State v. Clement, 42 La. Ann. 583, 7 South. 685.

## Opinion.

The principal objection urged by the appellee is directed against the instrument itself, which is referred to in the information as having been an instrument "falsely" made, and which is declared upon and set out as being "a certain order for money and goods as follows" (copying the instrument). The objection was that that instrument on its face was incomplete; that is to say, "as it stands it cannot be the basis of any legal liability, without averment and proof of facts dehors the instrument itself."

The prosecution is based upon section 833 of the Revised Statutes, which (leaving out some parts of the section) declares specifically that whoever shall "falsely make" any order for the payment of money or goods, knowing the same to be false, with intent to defraud any one, shall be punished by imprisonment at hard labor.

The instrument, as set out, falls, on its face, directly under the designation of the statute, as "an order for money or goods," the "false making" of which is denounced in the section as a crime, if it was so made with the intention of defrauding any one.

It was not essentially necessary for a prosecution under the section that either the word "forge," or the word "counterfeit," or

the word "alter" should have been employed in the information. It was sufficient in the information in this case to have set out, as having been falsely made, an instrument which, being copied in the information, was on its face, and was declared to be, "an order for money or goods," and to declare that that instrument was "falsely made" by the party charged, with the intention of defrauding some one, in order to properly present a case falling under the terms of section 833 to the jury.

The act done by the accused might not be one for which she was criminally chargeable as having either "forged" or "counterfeited" or "altered" an instrument, and yet be one for which she could be criminally charged as having "falsely made" it, with the intention of defrauding some one. In the case of State v. Hauser (La.) 36 South. 396,[1] we held that where a person was charged with having "himself made" a false order for the payment of money or goods, with the intention of defrauding some one, he was necessarily charged, ex vi terminorum, with having made the false order with knowledge on his part.

The information having in this case charged the accused with having done the very act which the particular statute on which the prosecution was based made it a crime to do, in the exact terms of the statute, we do not see the necessity of supplementing its recital by an additional statement of facts.

When defendant claims that the information should have contained an averment that "the writing therein described would, if genuine, injure some one, or be the basis of legal liability," we understand counsel to mean, not that there should be such a substantive averment, which would be simply a conclusion by the district attorney, but that the information should contain a statement of facts which would disclose affirmatively that

the instrument, if genuine, could injure some one, or be made the basis of legal liability. We are informed through the brief for the state that it was argued in the lower court that, as the order given was given by a married woman, the information should have stated that she was separated in property from her husband, or that she was authorized by her husband to draw orders on Levy, the drawee of the order; also that, the order not stating any specific amount or value of merchandise, it was not such an order, of apparently legal validity, as to base any proceedings upon.

In State v. Gaubert, 49 La. Ann. 1693, 22 South. 930, this court, referring to section 1052 of the Revised Statutes, State v. Maas, 37 La. Ann. 292, and State v. Adams, 39 La. Ann. 238, 1 South. 455, held that in a prosecution for forgery the indictment need not state the name of the person on whom the order was passed, nor the name of the person whom the accused intended to defraud; that it was not necessary in the indictment to set out the value of the instrument, or the amount for which the forgery was committed; that it was not necessary to prove an intent on the part of the defendant to defraud any particular person, provided it was shown that the defendant did the act charged with intent to defraud.

In State v. Jefferson, 39 La. Ann. 332, 1 South. 669, the court said that it was not necessary that the instrument charged to have been forged should, on its face, purport to be an order for the payment of money or delivery of goods; that it was sufficient that it was one by the use of which money or goods could be obtained.

In that case the court said:

"It entered into the order of probabilities that the instruments charged to have been forged and uttered were issued by some one in authority to acknowledge work done by a laborer, in order to serve as the basis for the computation of what he may have earned; that an acknowledgment of that description was equivalent to an order on a disbursing agent, which, on presentation, entitled the party to payment of the

---

[1] 112 La. 313.

realized amount, viz., so much per pound of ·cotton; and that the delivery of such written .acknowledgment amounts to a receipt showing payment."

Underhill on Criminal Evidence, §§ 422, ·427, says:

"The attempt to defraud is the essence of the crime, and must be proved beyond a reasonable doubt. And that it is shown that the party whose name was forged had no legal capacity to sign is irrelevant. * * * Forgery is committed when a fictitious name or the name ·of a dead person is signed to an instrument with a fraudulent intent."

In Wharton's Crim. Law (9th Ed.) vol. 1, ·§ 693, it is said:

"So, no doubt, an indictment for forgery would lie for forging the note of a married woman, though by the lex delicti commissi she is incapable of being civilly sued. * * * And hence it is forgery to counterfeit the name of a banker who is by law prohibited from issuing genuine notes of the forged class."

In Am. & Eng. Ency. of Law, vol. 13, p. 1088, it is said that:

"It is not necessary to the offense that the instrument should be one which, if genuine, would be a binding obligation. It is sufficient that the instrument purports to be good. The want of validity must appear on the face of the paper, to relieve from the character of forgery."

On page 1096 it is declared:

"It has been held that the forgery of an order in the name of a person who, by legal disability, would not have been liable on such order, had it in fact been genuine, is punishable."

In the case of Ballard v. St. Albans Advertising Company, 52 Vt. 327, it was held that the title of "Mrs.," placed before the plaintiff's name in a writ, raises no general legal presumption of disability to sue, even if it appears that the suit is brought to recover for the services of a minor. See Am. & Eng. Ency. of Law, vol. 20, p. 1079, note 2; State v. Rohfrischt, 12 La. Ann. 384.

In this case it would by no means follow, from the placing of the word "Mrs." before the signature attached to the writing, that the supposed writer was a married woman, ·or, if so, that she needed the authority of .her husband to sign the order. She may well

have been a widow, or, if a married woman, she may have been administering her paraphernal property. Wilcoxson v. State, 60 Ga. 184.

We are of the opinion that the district court erred in sustaining defendant's motion to quash the information and dismissing the prosecution. The motion should have been refused, and the case permitted to take its regular course.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided, and reversed.

It is further ordered, adjudged, and decreed that the cause be, and it is hereby, reinstated on the docket of the district court, and this cause is remanded to the district court, to be there proceeded with according to law.