## Case No. 14,561.

### UNITED STATES v. BEJANDIO.

### [1 Woods, 294.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1873.

COUNTERFEITING—INDICTMENT—PERSON INTENDED TO BE DEFRAUDED.

An indictment based on the 21st section of the act approved March 3, 1825 (4 Stat. 121), which names the person whom the accused intended to defraud by the passing of the counterfeit coin, need not also name the person to whom the coin was passed.

In equity.

This case was heard upon a motion to quash the indictment.

J. R. Beckwith, U. S. Atty.

Charles Case, for defendant.

WOODS, Circuit Judge. This is an indictment for passing and uttering as true a forged and counterfeit coin in the resemblance and similitude of the coin of the United States, composed of copper and nickel and known as five-cent pieces. The indictment is based on the 1st and 2d sections of the act of May 16, 1866, entitled "An act to authorize the coinage of five cent pieces" (14 Stat. 47), and the 21st section of the act of March 3, 1825, entitled "An act more effectually to provide for the punishment of certain coiners against the United States, and for other purposes" (4 Stat. 121). The substance of these sections so far as they apply to this indictment is, that if any person shall forge or counterfeit a five cent piece, composed of copper and nickel, or shall pass any such forged or counterfeited coin with intent to defraud any body politic or corporate, or any other person or persons whatever, he shall be deemed guilty of a felony, etc.

The indictment contains three counts, one of which charges the defendant with uttering and passing, etc., with intent to defraud one Robert Harris, and the other two with uttering and passing, etc., with intent to defraud some person or persons to the grand jury unknown. Neither count of the indictment contains any averment of the name of the person to whom the counterfeit coin was passed. The defendant moves to quash the several counts of the indictment as insufficient for want of such averment, and to sustain his motion cites the following authorities: 2 Bish. Cr. Proc. § 258, note 2; Id. § 425; 1 Bish. Cr. Proc. §§ 522, 559, note 5; 3 Greenl. Ev. § 22. The English precedents of indictments for uttering forged coin, to be found in 2 Chit. Cr. Law, 112–114, all aver the name of the person to whom the forged coin was passed. These authorities, it must be observed, all apply to statutes that do not contain the clause to be found in the law upon which this indictment is founded, namely: "with intent to defraud any person whomsoever." Thus the act of 15 Geo. II., c. 28, § 2, provides that "if any person shall utter or tender in payment any false or counterfeit money, knowing the same to be so, he shall suffer six months imprisonment," etc. The object of the rule requiring under such a statute, the name of the person to be stated to whom the forged coin was passed, was to describe the offense and give the accused notice of the charge he would be called on to meet.

I think the averment that the forged coin was passed with intent to defraud some person or persons, which is required to be made in an indictment under the United States statute, is a substitute for an averment specifying the name of the person to whom the coin was passed. It seems to define the offense and to give notice to defendant of the accusation against him. To require both averments to be made, as that the coin was passed to A. B. to defraud A. B., or was passed to A. B. to defraud C. D., is requiring too great particularity. This view is sustained by the form of indictments to be found in Wharton's Precedents (volume 1, forms 338–340), which we are informed by a note have been sustained in the United States circuit courts sitting in New York and Philadelphia. The like forms are also given in 2 Abb. Prac. 465. I am disposed to follow these precedents.

I think the indictment is a sufficient notice to the defendant of the accusation against him, and defines with sufficient particularity the offense with which he stands charged, that after he is charged with passing a counterfeit coin to defraud A., it would be a matter of form to aver further that he passed the coin to A. or to B., the omission of which could not tend to the prejudice of the defendant. Therefore, even if the omission complained of was a defect in the indictment, it would be cured by the 8th section of the act of June 1, 1872, entitled "An act to further the administration of justice." 17 Stat. 198.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]