## McCLELLAN vs. THE STATE.

1. INDICTMENT: *For forgery, variance.*

   A variance in an indictment for forging, and uttering a forged instrument, between the instrument set out and the averment as to its purport, is such a repugnancy as will be fatal to the indictment.

2. ————: *Same.*

   In an indictment for uttering a forged instrument, the name of the person to whom it was passed must be set out if known, if not known the fact should be stated as an excuse for the omission, otherwise it will be fatal to the indictment.

3. ————: *Trial upon two indictments.*

   It is irregular to try a defendant upon two indictments at once, even with his consent.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Cockrill*, for appellant.

*Henderson*, Attorney. *General, contra.*

HARRISON, J.:

The appellant was indicted in two cases for forgery, and also for uttering the forged instrument.

The indictment in the first case, after the caption, was as follows:

The Grand Jury of Pulaski County, in the name and by the authority of the State of Arkansas, accuse Carter McClellan of the crime of forgery, committed as follows, viz: The said Carter McClellan, on the 20th of July, 1876, in the county and State

39

aforesaid, unlawfully contriving to defraud L. Valmer & Co., then and there did felonously forge a writing purporting to be an order of one Richard Hudgins, which forged writing is in these words, to-wit:

"Reed's Landing, July 20th, 1876.

"L. Valmer & Co.:—Please let the bearer have $5.00 worth of goods, and charge to me.        RICHARD HUDGSON."

With the intent fraudulently to obtain possession of the property of L. Valmer & Co., against the peace and dignity of the State of Arkansas.

The grand jury aforesaid, in the name and by the authority of the State of Arkansas, accuse said Carter McClellan of the further crime of uttering a forged writing committed as follows, viz:    The said Carter McClellan, on the 20th day of July, 1876, at the county and State aforesaid, felonously did utter and publish as true, a certain forged and counterfeited writing, purporting to be an order of one Richard Hudgins, in language and figures as follows, to-wit:

"Reed's Landing, July 20th, 1876.

"L. Valmer & Co.:—Please let the bearer have $5.00 worth of goods, and charge to me.        RICHÁRD HUDGSIRE."

With the intent to defraud said L. Valmer & Co., he, the said Carter McClellan, at the said time he so uttered and published said forged and counterfeited writing as aforesaid, then and there, to-wit: "On, etc., at, etc., well knowing the same to be forged and counterfeited, against the peace and dignity of the State of Arkansas."

The indictment in the second case, was exactly similar to the above, except the averment as to time, and as to the instrument charged to have been forged and uttered; the indictment being as follows:

"Reed's Landing, Arkansas, July 26th, 1876.

"Messrs. L. Valmer & Co.:—Please let the bearer, Carter McClellan have $7.00, seven dollars, worth of goods, and charge to me.                                   RICHARD HUDGSON."

He was tried upon both indictments at the same time, by his consent, and was found guilty on the second count in the first indictment, and on the first count in the second; and his term of imprisonment in the penitentiary in each case was fixed by the jury at two years.

He moved in arrest of judgment on the ground, that the first count, upon which he was convicted, did not state facts sufficient to constitute a public offense. His motion was overruled, and he was sentenced to imprisonment in the penitentiary for a term of two years.

The motion in arrest of judgment is so vague and indefinite, we are unable clearly to determine to which indictment it refers; but it is not important that that should be ascertained, for if valid to either of the counts upon which he was convicted, the objection is as good upon error or appeal as in arrest of judgment.

Each count, in both indictments, charged that the instrument forged, or uttered, purported to be an order of Richard Hudgins, but neither of the orders set out does so purport, that in the indictment, in the first case, purporting to be an order of Richard Hudgson, and that in the indictment in the second case of Richard Hudgsire.

The word "purport," imports what appears on the face of the instrument. 2 Russ., in Crims, 378-382.

There is, therefore, a repugnancy between the instruments set out and the averments as to their purport, and such a repugnancy has always been regarded as fatal to the indictment. "Bish. C. Law, sec. 370.

Our attention has been called to another objection to the counts for uttering, that the name of the person to whom the order was passed, is not stated. For this reason, also, we think these counts insufficient. The name of the person to whom the forged instrument was passed, is a material part of the description of the offense.

" Where the indictment is for uttering, it should mention the name of the person, if known, to whom the forged instrument was passed; or, if not known, this fact should be stated as an excuse for the omission." 2 Bish. Cr. Law., sec. 379; *Buckley* v. *The State*, 2 Greene, Iowa, 162.

The court rendered judgment, upon conviction, on one indictment only, but which indictment does not appear.

It was an irregularity, to say the least, to try the two indictments together; such a practice would certainly produce great confusion and uncertainty, and should be condemned.

The judgment must be reversed, and the cause remanded, with instructions to the court below to arrest the judgment, and to hold the defendant in custody until the charges may be again inquired into and passed upon by the grand jury.