## No. 9828.

### THE STATE OF LOUISIANA VS. LEVY ADAMS.

Applications for new trial on the ground of newly-discovered evidence are entitled to no consideration when the affidavit of the party convicted is uncorroborated.

In an information for uttering a forged order for the payment of money the pleader is not required to state the name of the person on whom the order was passed, or that of the person whom the accused intended to defraud.

APPEAL from the Ninth District Court, Parish of Concordia. *Young*, J.

*M. J. Cunningham*, Attorney General, and *Hugh Tullis*, District Attorney, for the State, Appellee.

*P. Hough* and *G. F. Bowles*, for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.  Appealing from a conviction of uttering a forged order for the payment of money, and a sentence of five years in the penitentiary the defendant submits two grounds of complaint:

1st.  A refusal of a new trial prayed for on the ground of newly-discovered evidence, which is alleged to be the testimony of a witness, who would swear that in his presence and hearing, the accused was entrusted by another person with the collection of the order which he did not know to be forged.

If such is the fact, the accused must have been aware of it from the moment that the occurrence took place, and it must have been forcibly reminded to him when he was charged with the crime ; it is, therefore, not newly-discovered evidence.  Hence, the ground of the motion lacks foundation either in law or reason.  State vs. Gauthreaux, 38 Ann. 611.  "The credulity of courts cannot be strained to the point of believing that such evidence was discovered only since the trial."  If the defendant, as he contends, did not before trial know the name of the witness, he might have asked a continuance of the case for the

purpose of ascertaining, as he seems to have since done, the name of his important witness; but the suggestion came too late after conviction. But, in addition to these views, there is another obstacle to the relief prayed for.

The affidavit of the accused is entirely unsupported, not even by that of the newly-ascertained witness. It would have been so easy to have procured that important adjunct.

Dealing with a similar question this Court has said: " Applications for new trials on the ground of newly-discovered evidence must always be received with caution. The inducements to false swearing on the part of the person convicted are obvious, and therefore the rule is well established that the application for the new trial must be corroborated by the affidavits of other persons than the party convicted. If possible, the affidavits of the newly-discovered witnesses should be produced." State vs. Washington, 36 Ann. 341; State vs. Cotten, 36 Ann. 980.

The judge did not err in overruling the motion for a new trial.

2d. The second complaint is a motion in arrest of judgment, in which the information is alleged to be defective, because it failed to allege the name of the person to whom the order was offered, and the name of the person whom the accused intended to defraud.

Most assuredly the person to whom the accused offered the order was the person whom he intended to defraud; and under the very terms of the statute, the pleader is relieved of the necessity to give the name of the person intended to be defrauded. Revised Statutes, Sec. 1052; State vs. Maas, 37 Ann. 292.

Judgment affirmed.