No. 9813.

### THE STATE OF LOUISIANA vs. LOUIS BROOKS.

A motion for a continuance, made at the *first* trial of a prosecution for a capital offense charged to have been committed *nine* days before, ought to be granted, when it appears that it is only on the preceding day that accused could and did secure counsel, and that such counsel had no reasonable time to prepare the defense. Precipitancy, instead of accelerating. at times procrastinates the trial of offenders.

APPEAL from the Twenty-fourth District Court, parish of Plaquemines. *Livaudais*, J.

---

*M. J. Cunningham*, Attorney General, and *James Wilkinson*, District Attorney, for the State, Appellee:

State vs. Brooks.

1.  "In matters of continuance great discretion is always vested in the trial judge, and his rulings thereon are not disturbed except in cases of glaring injustice." State vs. Ford, 37 Ann. 457.
2.  The facts of this case show that the application for a continuance was without merit.
3.  The circumstances of this case are widely different from those stated in State vs Simpson, 38 Ann. 23.
4.  An overt attempt or act of violence by the deceased against the accused shortly before or at the time of the homicide must be proved before evidence of prior quarrels, threats or of the dangerous character of the accused can be introduced. 35 Ann. 74; 36 Ann. 148; 36 Ann. 862; 37 Ann. 389; 37 Ann, 489; 37 Ann. 644; 37 Ann. 782; 37 Ann. 897; 37 Ann. 443; 38 Ann. 22, and other authorities.
5.  The judge need only charge on questions of law which he deems applicable to the cause. R. S. sec. 891; 35 Ann. 970; 37 Ann, 576, 464.
6.  Where no constable has been elected, or where the constable has resigned, and being *functus officio*, no constable has been appointed or elected to fill the vacancy, the justice of the peace has power to fill the vacancy by appointing a constable *pro tempore* until the Governor exercises his power to appoint a permanent or regular constable R. S. Sec. 637; C P. Art. 1158; Const. of 1879, Art. 258.

The eligibility of an officer *de facto* cannot be questioned collaterally. R. S. Sec. 2593; 21 Ann. 290; 21 Ann. 655; 21 Ann. 710; 26 Ann. 272.

Where ministerial officers of a court are *de facto* and actually acting as such, their failure to give bond does not deprive them of their official status. 13 Ann. 401; 13 Ann. 607; 2 Ann. 82; 31 Ann. 379.

Where a court is seized of jurisdiction *ratione materiæ*, its process, however erroneous, is voidable not void and its orders must be respected. Holdane vs. Sumner, 15th Wallace 601.

The quibbling points presented by the defense are not only unsound in law, but have no application, as whether the deceased was a constable or a simple individual, or whether he was a thief, the homicide of the deceased could not legally be justified under the state of facts disclosed in the record. Bishop on Criminal Law, 2d volume, par. 641.

7.  The judge having to take cognizance of the facts, in order to frame his charge so as to make it applicable thereto, properly refused to charge the jury as requested by counsel.

*R. T. Beauregard* and *Zacharie & Howard,* for Defendant and Appellant:

The accused is always entitled to a reasonable time within which to procure counsel for his defense, and the counsel when so retained is entitled to a reasonable time within which to prepare the defense, regard being always had to the circumstances of the accused and his counsel so to do. 38 Ann. 24; 16 Ann. 425; 26 Ann. 422; Whart. Am. Crim. Law, p. 941, note; 7 Bay, 1; Lord Kilmarnock's case, 2 Foster; Black. Rep. 514; Cons. of 1879, Art. 6.

The *recent* occurrence of a homicide, and the natural excitement of the community consequent thereon, is a good ground for a postponement and continuance, when the accused is brought to trial at the next term, immediately after the occurrence; 37 Ann. 457, not applicable here, as in that case the continuance was sought many months after the homicide, and did not and could not urge the recency. Bish. Crim. Proc., vol. 1, sec. 951; Wharton's Am. Crim. Law, p. 944, 3d; 9 Ga. 127; 5 Ga. 53; Jollyfer's case, 4 T. R. 285; 32 Ga. 581; 14 Ga. 8; Thach C. C. 516; 2 Moody & R. 192; 26 Ga. 277; 18 Ga. 383; 7 Watts & Serg., 420,

The right of the trial judge to decide as to whether sufficient proof of an overt act has been educed to allow the admission of evidence of threats and character in a homicide, is not an arbitrary one, but must be the exercise of a sound discretion, and is reviewable by the Supreme Court. 37 Ann. 461; 37 Ann. 645.

State vs. Brooks.

It "is a rule that positive testimony on a given point must always predominate over nega-
tive testimony on the same point." 33 Ann. 800; 37 Ann. 258; Selfridge case.

What occurred at a homicide immediately after the firing, is a part of the *res gestae* as
throwing light on what had just occurred. What. Crim. Ev. sec. 262 et seq.; Selfridge
case.

No man is bound to submit to the execution of a writ divesting him of his liberty or prop-
erty issuing from a court without jurisdiction. Roscoe's Crim. Ev. p. 750; Wharton's
Am. Crim. Law, p. 554; 3 Gilman, 336; Lieber's Civil Liberty and Govt., vol. 1, pp.
131, 134.

An officer is bound to inquire into the authority of the court from which the writ emanates,
and is a trespasser if he executes a writ of a court without jurisdiction. 7 N. S. 192;
8 R. 115; 3 Ann. 577; 9 Ann. 350.

One entering on an office, public or private, without proper authority, subjects himself to all
the responsibilities, and cannot claim the benefit of the position he usurps. 4 N. S. 525.

A justice of the peace has no authority to appoint a constable pro tem. to a vacancy caused
by resignation. Act of 1855, Cons. 1879.

A constable must reside in the ward in which he shall have been elected. R. S. sec. 124.
He must give bond before entering on his duties. R. S. sec. 632.

In the trial for resisting of an officer, or of killing him, it is competent for the accused to show
that the deceased was not a legal officer nor executing legal process. Wharton's Crim.
Ev. sec. 883.

A *de facto* officer in civil cases is one who comes into office by color of right, and performs
the duties of the office under a public acquiescence, but is not properly entitled to the
office. He must be either appointed or elected by competent authority, or must have
for some time acted as such and been publicly recognized. Cooley on Taxation, p. 185;
13 S. and R. 208. But this will only give a *prima facie* right, which may be questioned.
Blackwell's Tax Titles, * 93; 1 Dill C. C. 268; 7 Jones N. C. 113; 73 N. C. 550; 37 Me.
428; 5 Wend. 234; 24 Wend. 539; 16 Wend. 144; 60 Barbour, 248; 20 Gratt, 66; 33
Gratt, 513; 4 Vroom, N. J., 201; 6 East, 368; 38 Conn. 476; 3 Bush. 17; 9 Nev. 334; 69
Ill. 529; 7 N. H. 113. 140; 56 Penn. St. 436; 29 Penn. St. 129; 1 Nev. 188; 45 Miss.
151; 16 Peters, 71; 3 Port, 334.

Nor do 1 Ann. 288; 12 Ann. 719; 21 Ann. 336; 25 Ann. 2; 27 Ann. 568; 32 Ann. 1234; 28
Ann. 82; 33 Ann. 1412, or 35 Ann. 521, militate against this doctrine in any degree
"Where a trespasser goes with the intent to commit a felony, if necessary to accomplish
the end intended, the owner of the property may repel force by force to the extent of
killing the aggressor. Owner is not obliged to surrender possession, but may use as
much force as necessary for its protection." 8 Cal. 34; Horrigan, Self-defense, p. 900,
and multitude of authorities there cited.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused appeals from a verdict of manslaughter
and a sentence of eighteen years at hard labor.

The record contains three bills of exception: one, to the refusal of
the district judge to grant a continuance; another, to a ruling on a
question of admission of testimony, and the last one, to the refusal of
the judge to give certain charges to the jury.

It appears from the first bill that the homicide, with which accused
is charged, was committed on the 29th of September, 1886; that he
surrendered himself the same day, and was committed without bail;

that he was arraigned on the 4th of October following, and the case was fixed for the 9th ensuing; that when the case was called he moved for a continuance on the following grounds, viz:

*That* the accused was entitled to reasonable time within which to make the necessary arrangements to retain and secure counsel, and that he has not been allowed the same.

*That* said counsel, when retained, were entitled to a reasonable time within which to prepare his defense, and that, under the circumstances, they have not been so allowed.

*That* the evidence elicited and annexed, shows that the public mind is excited against him, so that he cannot have the fair trial which he may, when the excitement subsides.

The motion which was made for a continuance went into details to show the verity of the grounds, and is supported by the oath of the accused, which is fortified by that of the counsel.

It appears from the showing made, that it is not until the 8th of October, the day preceding that fixed for the trial, that the accused could make definite arrangements with counsel for his defense and that the latter could not, in the short delay ensuing between the occurrence of the act and the day assigned for trial, prepare the defense in such a manner as the gravity of the case demanded, involving the life of a citizen; that the counsel could not procure the necessary books in time, although due diligence had been used, and could not safely proceed to trial in this unprepared condition, as the case, it was alleged, involves many nice and intricate questions of law, requiring long, patient and careful study and consideration of authorities.

From the foregoing recital it appears that the accused was convicted on the ninth day following the commission of the offense for which he was indicted, and that the application was made for a continuance on the *first* calling of the case for trial.

In State vs. Ferris, 16 Ann. 425, this Court said, in reference to accused in criminal cases:

" The law securing to them the assistance of counsel, did not intend to extend a barren right, for, of what avail would be the privilege of counsel * * * if, on the spur of the moment, without an opportunity of studying the case, the former should be compelled to enter into the investigation of the case."

In a more recent prosecution, State vs. Simpson, 38 Ann. 24, this Court held, that the right to be heard by counsel, guaranteed by the Constitution to the accused, is not an empty formality, but an inesti-

mable privilege, and that such counsel should be allowed reasonable time to prepare the defense.

In that case, singular enough, the ruling was made by the same judge, the defendant was represented by the same counsel, and the accused arraigned and tried on similar days, the former on the 5th, and the 9th of October.

The showing then made for a continuance was substantially the same, if not somewhat weaker, than that in the instant prosecution.

If, in that case, the lower court erred in its refusal to continue the trial to some other day, we cannot but rule now, that the postponement of the same ought to have been allowed.

Precipitancy, instead of accelerating, at times procrastinates the trial of offenders.

This view dispenses us from passing on the other grounds for a continuance.

It is therefore ordered and decreed that the verdict herein be set aside, and the sentence and judgment thereon reversed, and that this case be remanded to the lower court for further proceedings according to law.