### STATE *vs.* LAWRENCE W. SMITH.

Indictment under Pub. Stat. R. I. cap. 244, § 11, for distributing papers containing obscene matter.

*Held,* that the indictment must set out the mode of distribution.

*Held,* further, that the indictment need not set out the obscene matter, if the indictment avers that the matter would be offensive to the court, and improper to place on the court records.

*Held,* further, that the indictment need not aver an intent on the part of the defendant, as the intent did not make a part of the statutory offence.

INDICTMENT for distributing obscene papers. On demurrer to the indictment.

*Providence, May* 25, 1891. TILLINGHAST, J. This is an indictment brought under Public Statutes, chapter 244, section 11, which reads as follows: "Every person who shall import, print, publish, sell, or distribute any book, pamphlet, ballad, printed paper, or other thing, containing obscene language, or obscene prints, pictures, figments, or other descriptions, manifestly tending to the corruption of the morals of youth, or shall introduce into any family, school, or place of education, or shall buy, procure, receive, or have in his possession any such book, pamphlet, ballad, printed paper, or other thing, either for the purpose of sale, exhibition, loan, or circulation, or with intent to introduce the same into any family, school, or place of education, shall be imprisoned not exceeding one year, or be fined not exceeding five hundred dollars."

The indictment contains three counts. The first count charges " that Lawrence W. Smith, of Warren, in said county, on the tenth day of February, 1891, with force and arms at Warren afore-

said, in the aforesaid County of Bristol, unlawfully, knowingly, and wickedly, did distribute a certain printed paper containing obscene language, entitled, 'For Sale,' which said printed paper is wicked, lewd, and obscene; that the same would be offensive to the court here, and improper to be placed upon the records thereof, wherefore the jurors aforesaid do not set forth the same in this indictment; and which said printed paper then and there distributed by the said Lawrence W. Smith as aforesaid, then and there manifestly tended to the corruption of the morals of youth, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

The second count, omitting the formal part thereof, charges that the defendant " did distribute a certain thing, to wit, a certain paper, entitled ' For Sale, etc. ; ' " and the third count, omitting the formal part thereof, charges that the defendant " did distribute certain things, to wit, certain pieces of paper containing obscene language, entitled ' For Sale, etc.' " To this indictment the defendant has filed a general demurrer, the grounds of which are substantially as follows : —

1. That the indictment does not charge the offence with sufficient clearness and distinctness to notify the defendant specifically for what he is to be tried.

2. That the indictment should have stated the name or names of the person or persons to whom the defendant distributed the paper containing the obscene language, or that it was distributed to persons to the jurors unknown.

3. That the facts as stated in the several counts in the indictment do not, as therein stated, constitute an offence against the statute.

4. That in neither of the counts is the print described with sufficient clearness and distinctiveness to notify the defendant with what he is to be tried.

5. That the print is not so particularly described in either count of the indictment as to enable the court or jury to judge whether it was obscene.

6. That the indictment should have charged that the defendant distributed said obscene printed paper intending, designing, and contriving to corrupt the morals of youth, and also that the paper

was distributed by him to the manifest corruption of the morals of youth of the State of Rhode Island.

The first three grounds urged in support of the demurrer may properly be considered together, as they each set out, in slightly differing language, a single proposition of fact, namely: that the indictment does not charge the offence with sufficient clearness and certainty to answer the requirements of the law.

After considerable study and some hesitation, we have come to the conclusion that the indictment does not allege the offence with that degree of certainty which the law requires. It charges in the first count that the defendant "did distribute a certain printed paper containing obscene language, entitled 'For Sale, etc.;'" in the second count that he "did distribute a certain *thing*, to wit, a certain paper, entitled 'For Sale;'" and in the third count that he "did distribute certain *things*, to wit, certain pieces of paper, etc.," but it nowhere alleges the *manner* of such distribution. They might have been distributed by handing them to persons on the street, or by tucking them under the doors of houses, or by throwing them into people's yards, or by dropping them in the streets, or by posting them on fences adjacent to streets or public places, or by sending them through the mails, or in other ways which might be mentioned, and the State, being called upon under this form of indictment to prove a distribution merely, could prove it in any of the modes suggested.

It is the constitutional right of the accused that he should not only be informed of everything material in the description of the substance and nature of the offence charged, but of the *manner* thereof as well, for no intendment can be admitted to supply a defect of this kind. Hawkins, Pleas of the Crown, bk. 2, cap. 25, § 60; *Commonwealth* v. *Child*, 13 Pick. 198, 200.

But it is urged on the part of the State that the offence is charged in the language of the statute, and it being a statutory offense, it is sufficient thus to charge it.

It is doubtless true that it is generally sufficient, in an indictment for a statutory offence, to charge it in the language of the statute. But this is not always so. *State* v. *Kane*, 15 R. I. 541, 542. The rule as laid down in Wharton, Criminal Pleading and Practice, § 221, is as follows: "On the general principles of com-

mon law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offence that the offender has proper notice, from the mere adoption of the statutory terms, what the offence he is to be tried for really is. But in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant upon trial without specification of the offence, than it would be under a common law charge." See, also, Bishop on Criminal Procedure, §§ 369, 370, and cases cited.

In _State_ v. _Doyle_, 11 R. I. 574, this court held that a complaint charging the defendant in the language of the statute with unlawfully selling, and suffering to be sold, ale, wine, rum, and other strong and malt liquors, etc., was insufficient, in that it did not state also the name of the purchaser of said liquor, or that the sale was made to some person to the complainant unknown.

The court say: "The offence charged is not so identified as to give the defendant certain information of what in particular she was accused, nor so but that she may have been tried for one offence when she was accused of another totally distinct from it. Her right to be informed of the nature and cause of the accusation is a common law right, and ought to be carefully guarded and maintained."

We think the reasoning of the court in that case applies with equal force to the one under consideration, and that the indictment should have described the _manner_ in which the obscene papers or things were distributed, that is to say, that if they were distributed to persons known to the jurors, the indictment should so state, or if to persons unknown to them, that the fact should be stated; or if distributed in some other manner, the indictment should specifically set forth the same. See, also, _State_ v. _Murphy_, 15 R. I. 543. See form of indictment in similar case as given in _Commonwealth_ v. _Holmes_, 17 Mass. 336. For illustration of a case where it is _not_ necessary to allege particular acts, by reason of the crime being charged in words having a technical meaning, see _State_ v. _Russell_, 14 R. I. 506, and cases cited.

The fourth and fifth grounds relied upon in support of the demurrer are untenable. The strong preponderance of American

decisions upon this point is to the effect that it is unnecessary to set out specifically the obscene language of the book or paper in the indictment, if the grand jury aver therein that it would be offensive to the court, and improper to be placed on the records thereof. This was done in this case, and the non-setting forth of the obscene language contained in the paper entitled " For Sale " is thereby sufficiently excused. See Wharton, Criminal Pleading and Practice, § 177, and cases cited. See, also, *Commonwealth* v. *Holmes, supra; Commonwealth.* v. *Tarbox,* 1 Cush. 66 ; *People* v. *Geradin,* 1 Mich. 90 ; *Commonwealth* v. *Sharpless,* 2 Serg. & R. 91 ; Heard's Criminal Pleading, Student's Series, pp. 209–211, and cases cited. The English authorities seem to sustain the position taken by the defendant, but we think the better reasoning is in favor of our own. See *Bradlaugh* v. *The Queen,* L. R. 3 Q. B. Div. 607, 614.

The sixth point taken by the defendant is also untenable. That portion of the statute under which the indictment is framed does not contain the word "intent," nor is it necessary, in order to prove the offence, to show that the defendant had any intent. It is enough to prove the forbidden act. It is true that, in order to constitute a crime, there must be a criminal intent as well as a wrongful act, and that the two must combine ; but it does not therefore follow that the guilty intention must be averred in the indictment. The rule is, that " where intent is part of the statutory definition the offence must be averred, though it is otherwise in cases where it is not part of such statutory definition, and where the offence is punishable, no matter what was the intent." Wharton, Criminal Pleading and Practice, § 164, and cases cited ; Bishop on Criminal Procedure, §§ 278–281, and cases cited.

*Demurrer sustained, and indictment quashed.*

*Clarence A. Aldrich,* Assistant Attorney General, for plaintiff.

*Marquis D. L. Mowry,* for defendant.