THE STATE OF IOWA, Appellee, v. J. E. BEASLEY, Appellant.

1. **Criminal Law:** ALIBI: PROOF. Where an *alibi* is relied upon as a defense to a criminal prosecution, the burden is upon the accused to establish such plea by a preponderance of the evidence. If the evidence be conflicting the supreme court will not, upon appeal, disturb the verdict of the jury unless it be against the clean weight of the evidence.

2. **New Trial:** MISCONDUCT OF JURY. The defendant was indicted for uttering a forged note payable to one C., and pleaded an *alibi* as a defense. One of the jurors being taken by the bailiff to an hotel for dinner, examined the hotel register to see if C. was in town at the time of the alleged transaction, and found that he was. The juror

testified, however, that this fact was not considered by him in arriving at a verdict, and that he made no comparison, in his mind, or otherwise, of that signature with the writings in evidence, nor was the fact discussed during the deliberations of the jury. *Held*, that no prejudice being shown because of the misconduct of the juror, the defendant was not upon such account entitled to a new trial.

3. ———: MISCONDUCT OF COUNTY ATTORNEY IN ARGUMENT. The statement of the county attorney in his argument to the jury in a criminal cause that he was "convinced beyond a reasonable doubt that the defendant was guilty," *held* not to entitle the defendant to a new trial.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, DECEMBER 16, 1891.

THE defendant was indicted, tried, and convicted of the crime of uttering and publishing as true a certain false, forged, and counterfeit promissory note; he then and there knowing the same to be false, forged, and counterfeit. His motion for new trial being overruled, judgment of imprisonment in the penitentiary was pronounced against him, from which judgment he appeals.—*Affirmed*.

*J. W. Rogers & Son*, for appellant.

*John Y. Stone*, Attorney General, *Thomas A. Cheshire* and *D. W. Clements*, for the State.

GIVEN, J. I. We have examined the transcript upon which this case is submitted with care, and find

1. CRIMINAL law: alibi: proof.

nothing suggestive of prejudicial errors other than those presented by the appellant's counsel in their argument of the case. There is no question but that the promissory note set out in the indictment is a forgery, and that it was uttered and published as true to one David Bell at West Union, Fayette county, Iowa, on the 20th day of April, 1889, and that the party passing it as true represented himself to

be the payee of the note. Such representation is suffi-cient evidence of intent, without other evidence that he had knowledge of the forgery. *State v. Williams*, 66 Iowa, 573.

The one disputed fact in the case is whether it was this defendant who passed the note to David Bell. The defense relied upon is an *alibi*, the defendant claiming to have been in Green county, Ind., on and for several days before and after the twentieth day of April, 1889. David Bell identified the defendant as the person who sold him the note. Two other witnesses identify him as being with David Bell on the said twentieth day of April, and three others as being at and in the vicinity of West Union on the twentieth day of April, and for several days preceding that date. The state also intro-duced evidence tending to show that an indorsement upon a certain other promissory note was made by the defendant, and that the writing in said note and indorsement was in the same hand and written by the same person as the handwriting of the note and indorse-ment thereon, set out in the indictment. The defendant introduced the testimony of fifteen witnesses, residents in Green county, Ind., who testify to his being at certain places in that county on April 20, 1889, and for several days prior and subsequent to that date. It is apparent from the testimony that it was impossible for the defendant to have been in West Union, Iowa, at the time the note was passed to Mr. Bell, on the twentieth day of April, 1889, and at the places in Green County, Ind., where a number of his witnesses testify he was on that day. There is a decided conflict in this testimony, and a decision upon the question at issue depends upon the weight and credit to be given to it. The appellant's counsel discuss at length the weight and credit to be given to this testimony, in the light of the facts and circumstances disclosed, and also the rule sa to the degree of evidence necessary to establish the defense of *alibi*.

It is conceded to be the rule in this state that the burden is upon the defendant to prove a defense of *alibi* by a preponderance of evidence. *State v. Hamilton*, 57 Iowa, 596; *State v. Reed*, 62 Iowa, 40; *State v. Rivers*, 68, Iowa, 611. It is contended, however, that a preponderance of evidence should not be required in such case; that if the defense is supported by evidence that causes a reasonable doubt as to the guilt of the accused, that should be sufficient. This subject was fully discussed and considered in the cases cited, and we see no reason for changing the rule therein announced by the majority. We may add that this defense is more easily and more frequently fabricated than any other. The burden of proving it is upon the accused, because the knowledge of the truth of it and of the means of proving it, is peculiarly with him. A preponderance of the evidence is the lowest degree of proof upon which issues of fact are determined, and, unless this defense is thus established, it cannot be said to be proven, and, unless proven, is not entitled to any consideration. It is as though no evidence had been offered upon the subject. The burden being upon the defendant, he must establish the fact by at least the lowest degree of evidence, before he is entitled to have it considered, even as the basis of a reasonable doubt. It is unnecessary that we here follow the discussion as to the weight and credit to be given to the testimony in respect to the identity of the defendant. The jury were fully warranted in finding as they did. In *State v. Wise*, 83 Iowa, 596, wherein the weight of the evidence was discussed, it is said: "The rule in such cases is different from that applied in civil cases. This court, though proceeding carefully and cautiously, will interfere in criminal cases more readily than in civil. We will not, in a criminal case, support a verdict if it be against the clear weight of the evidence." Our examination of the evidence leads us to the conclusion that the verdict is not against the clear weight thereof. It

was a question of weight and credit, and the jury might properly find that the weight and credit were with the evidence on behalf of the state.

II. One ground of the motion for new trial was misconduct of one of the jurors during the trial. It was

2. NEW trial: misconduct of jury.

an important question in the case whether the defendant was in West Union on or about April 19, 1889. The note uttered to Mr. Bell was payable to George E. Curtis. It appears that one Riley Rich, a juror, being taken with the panel in charge of a bailiff to an hotel in West Union for dinner, examined the hotel register for the month of April to see if the name Curtis was upon it, and did find the name of George E. Curtis. Mr. Rich testified that the finding of the name was not considered by him in arriving at a verdict; that he made no comparison, in his mind or otherwise, of that signature with the writings in evidence; that his verdict was uninfluenced by having looked at the hotel register; and that the fact was not referred to or discussed during the deliberations of the jury. Another juror testifies to seeing Rich examine the register, and that he said at the time that the name there could not have anything to do with the case. While such conduct is not to be approved, we do not think that any prejudice resulted to the defendant from it. See *State v. Woodson*, 41 Iowa, 425. There was no error in overruling this ground of the motion for new trial.

III. Another ground for new trial was misconduct of counsel for the state in the argument of the case.

3. ——: misconduct of county attorney in argument.

It is complained that they misstated the evidence, and that they expressed themselves as convinced beyond a reasonable doubt that the defendant was guilty. It is very common for opposing counsel to differ as to what the testimony was, and each should be permitted to maintain his claim before the jury, whose province it is to determine what evidence has been submitted. It is also

certainly permissible that counsel may emphasize their claim from the evidence by stating the conclusion to which it leads their minds. Where an accused is defended by able counsel, as in this case, the public prosecutor is understood as standing against the accused; and we think it is not true, as argued, that assertions by him of the conclusions which he forms from the testimony would be, in great part, as prejudicial to defendant as like utterances from the judge on the bench. We fail to discover anything unusual or out of order in the conduct of counsel for the state that could have been in the least prejudicial to the defendant.

Our examination of the entire record fails to disclose to us any reason why the judgment of the district court should be disturbed, and it is, therefore, AFFIRMED.