STATE OF IOWA, Appellant, v. W. L. WEAVER.

**Criminal law:** UTTERING FORGED INSTRUMENT: EVIDENCE OF OFFENSE.
1 It is not essential to the statutory offense of uttering and publishing a forged instrument that it be actually transferred to or accepted by another as genuine; it is sufficient if it be offered or held out as genuine with intent to defraud some person or persons.

**Same:** INDICTMENT: ALLEGATION OF NAME OF TRANSFEREE. An indictment for uttering and publishing a forged instrument need not allege the name of the transferee, if the same was in fact transferred.
Deemer, C. J., and Sherwin, J., dissenting.

*Appeal from Hardin District Court.*—HON. C. E. ALBROOK, Judge.

MONDAY, NOVEMBER 21, 1910.

THE charge in the indictment was that the defendant "having in his possession a certain false and forged real estate mortgage, and knowing the same to be false and forged, said mortgage being in words and figures following, to wit [here follows the copy of the alleged mortgage], did then and there utter and pass the same as true, with the intent then and there to defraud, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Iowa." The defendant pleaded not guilty, and at the conclusion of the evidence for the state the defendant, declining to offer any testimony, moved the court to direct the jury to return a verdict of not guilty on various grounds, one of which was that the indictment did not allege to whom the forged instrument was uttered and passed, and did not state the particular circumstances constituting the alleged offense of uttering the same. The court overruled defendant's motion for a directed verdict of not guilty, but on its own motion "adjudged that the jury be discharged from a further consideration of the case, and that the indictment be set aside and dismissed because of its failure to allege to whom the uttering of the forged instrument was made, and because of its further failure to state specifically the facts constituting the alleged criminal act of uttering." From this judgment the State appeals.—*Reversed* and *remanded.*

*H. W. Byers,* Attorney General, *Charles W. Lyon,* Assistant Attorney General, and *George W. Ward,* County Attorney, for the State.

No appearance for appellee.

McCLAIN, J.—The sole question raised on this appeal is as to the sufficiency of the indictment; and the sole objection relied upon is that the indictment failed to state the name of the person to whom the instrument was uttered

and passed or to state that the name of such person was to the grand jurors unknown, or to otherwise designate the facts constituting the alleged uttering. The statute defines the offense as consisting of the uttering and publishing as true any instrument such as is described in the preceding section as an instrument the false making of which constitutes forgery. Code, section 4854. And while the indictment in question uses the words "utter and pass," instead of the words "utter and publish," it is not contended that anything more is required to be proved under the allegations made than would be required had the indictment used the exact words of the statute. The offense does not necessarily consist in the actual perpetration of a fraud by the passing of a forged instrument, but it is sufficient if it be offered or held out as genuine with the intent to defraud some person or persons. *People v. Brigham,* 2 Mich. 550; *People v. Caton,* 25 Mich. 388; *Smith v. State,* 20 Neb. 284 (29 N. W. 923, 57 Am. Rep. 832); *Johnson v. Commonwealth,* 90 Ky. 488 (14 S. W. 492); *Rex v. Palmer,* Russ. & Ryan, 72; 2 Bishop, New Crim. Law, 605; 2 Russell, Crimes (8th Am. Ed.) 362. And this court has expressly recognized such a definition of the offense, holding that, although the instrument is not actually transferred or disposed of, the crime of uttering is complete if it is offered for the purpose of passing it to another with the representation directly or indirectly made that it is good. *State v. Sherwood,* 90 Iowa, 550; *State v. Calkins,* 73 Iowa, 128. It may be suggested in passing that the statutory language "utter and publish" corresponds with the common law definition. See Bishop, New Criminal Law, *supra.*

As it was not essential at common law and is not essential under the statute that the instrument actually be transferred to or accepted by another as genuine, it would seem in reason that it should not be necessary to allege

*Marginal note:*
1. CRIMINAL LAW: uttering forged instrument: evidence of offense.

in the indictment such an actual transfer, and that, there-
fore, the name of the person to whom the in-

2. SAME:
indictment:
allegation
of name of
transferee.

strument in fact transferred and passed, if
such transfer did take place, need not
be alleged, for the offense consists of the
publishing as true with the intent to defraud, and not of
committing a wrong by the actual transfer to some person
thereby defrauded. The forms of indictments for uttering
given in the books of precedents are in accordance with this
reasoning. 2 Archbold's Criminal Practice & Pleading 534;
1 Wharton, Precedents of Indictment, 270; 8 Encyclo-
pedia of Forms, 742.

The identical objection now made was urged to a
similar indictment in *Rex v. Holden,* Russ. & Ryan, 154,
and was, by the court for the consideration of Crown Cases
Reserved, composed of the twelve judges of England, held
to be not well taken. The authorities in this country seem
to generally sustain such form of indictment. Thus in
*State v. Foster,* 30 Kan. 365 (2 Pac. 628), the indictment
charged in the language of the statute substantially the
same as that found in our statute defining the offense that
the defendant did "pass, utter, and publish as true" the
instrument described, and the objection was made that it
was defective in not containing a statement of the facts
constituting the offense in plain language, and the objection
was held not to be well taken. The same conclusion seems
to be indicated in our own case of *State v. Hart,* 67 Iowa,
142. In *State v. Tingler,* 32 W. Va. 546 (9 S. E. 935,
25 Am. St. Rep. 830), an indictment is set out which
charged the defendant with uttering and attempting to em-
ploy as true a certain specified writing with the intent to
defraud, and the court held objections to it as not sufficient
because not naming the person to whom the instrument was
uttered not well founded, saying that it was in a form
commonly in use in that state. Other cases exactly in
point in support of the sufficiency of the indictment in this

respect are *Commonwealth v. Butterick,* 100 Mass. 11 (97 Am. Dec. 65); *State v. Adams,* 39 La. Ann. 239 (1 South. 455); *State v. Gaubert,* 49 La. Ann. 1692 (22 South. 930). Among other cases coming to our attention in which the form of the indictment for the crime of uttering is given containing no allegation of the name or description of the person to whom the instrument was uttered, published, or passed we may cite the following: *State v. Waterbury,* 133 Iowa, 135; *State v. Beasley,* 84 Iowa, 83; *State v. Jones,* 9 N. J. Law, 357 (17 Am. Dec. 483); *Bostick v. State,* 34 Ala. 267; *People v. Dolan,* 186 N. Y. 4 (78 N. E. 569, 116 Am. St. Rep. 521); *State v. Stanton,* 23 N. C. 424; *Owen v. State,* 34 Neb. 392 (51 N. W. 971); *Commonwealth v. Searle,* 2 Bin. (Pa.) 332 (4 Am. Dec. 446). For other similar forms, see 8 Encyclopedia of Forms, 742 et seq. These cases are cited, not as authority on the sufficiency of the indictment in this respect, but as indicating that a form of indictment which does not state the name of the person to whom the instrument was uttered, passed, or published, or the circumstances of such uttering, passing, or publishing, is in common use in nearly all the jurisdictions of this country.

In the case of *McClellan v. State,* 32 Ark. 609, such an objection has been held good; the court relying solely upon a reference to Mr. Bishop's treatise on Criminal Law and an early case in our own state, *Buckley v. State,* 2 G. Greene, 162. We have been unable to find in Bishop's Criminal Law the language which the court purports to quote from that work, but the proposition is stated by the author in his Criminal Procedure as follows: "The indictment for uttering should give the name of the person to whom the forged instrument was tendered, if known, or, if not known, state this excuse for the omission." 2 Bishop, New Criminal Procedure, section 425. And in support of this statement reference is made to the Arkansas case (which had already been decided when this last edition

of Mr. Bishop's treatise appeared), the Iowa case which that court also cites, and a case from East's Pleas of the Crown, which relates to passing counterfeit money. See 1 East P. C. 180. These cases and the statement by Bishop as above quoted are cited and followed in *Goodson v. State,* 29 Fla. 511 (10 South. 738, 30 Am. St. Rep. 135); *State v. Murphy,* 17 R. I. 698 (24 Atl. 473, 16 L. R. A. 550). Our own case of *Buckley v. State, supra,* also relates to the passing of counterfeit money, and not to the uttering or publishing of a forged instrument, and the court says that in an indictment for passing counterfeit money the name of the person to whom it was passed should be designated as the one upon whom the offense was committed, not only because he is injured, but because his designation is material as descriptive of the defense, citing *Butler v. State,* 5 Blackf. (Ind.) 280, which involves an indictment for gaming, and therefore is remotely, if at all, in point. The form of indictment for uttering given in Bishop's Directions and Forms is in accordance with the common-law forms above referred to, except that he says that, if the offense is uttering, then the allegation should be "utter and publish as true," with this suggestion in parenthesis, "probably add, to one X," citing for this suggestion what has already been quoted above from his work on Criminal Procedure. See Bishop's Directions and Forms, section 460. It is apparent, therefore, that even Mr. Bishop found no controlling precedent or authority for alleging in the indictment for uttering the name of the person to whom the instrument was uttered or published a description of him as unknown or otherwise.

With reference to our case of *Buckley v. State, supra,* it may be further said that, while there is more persuasive reason for requiring the statement of the name of the person to whom counterfeit money has been passed than for requiring a like statement in the case of uttering or publishing, the conclusion of the court is not supported by

authority. See, for instance, *United States v. Bejandio,* 1 Woods, 294 (Fed. Cas. No. 14,561), which was a case relating to the passing of counterfeit money where the objection was held not well taken. See, also, *Swaine v. People,* 5 Ill. 178; *Gentry v. State,* 6 Ga. 503; 2 Bishop, New Criminal Procedure, section 452. In the cases just cited indictments for passing counterfeit money are sustained, although they do not contain allegations as to the names of persons to whom the money was passed or tendered. In indictments for forgery, as well as in those for uttering or publishing forged instruments, it was deemed necessary at common law to allege the name of the person intended to be defrauded. *State v. Gavigna,* 36 Kan. 322 (13 Pac. 554); *Drake v. State,* 19 Ohio St. 211; *Turpin v. State,* 19 Ohio St. 540; *Commonwealth v. Butterick,* 100 Mass. 11 (97 Am. Dec. 65). But, as the name of the person intended to be defrauded was not necessarily descriptive of the actual transaction, it has been thought to be superfluous to make such an allegation, and accordingly statutes have been passed in various states declaring such an allegation to be immaterial. *State v. Cleveland,* 6 Nev. 181; *Westbrook v. State,* 23 Tex. App. 401 (5 S. W. 248); *Davis v. State,* 58 Neb. 465 (78 N. W. 930); *Roush v. State,* 34 Neb. 325 (51 N. W. 755). And it has been expressly held that such a statute does not deprive the defendant of any essential right. *Commonwealth v. Butterick,* 100 Mass. 11 (97 Am. Dec. 65); *McClure v. Commonwealth,* 86 Pa. 353; *Turpin v. State,* 19 Ohio St. 540.

In this state we have a similar statute passed since the decision in the case of *Buckley v. State, supra,* in which as first enacted it was specifically provided that, "In any case where an intent to defraud is required to constitute the offense of forgery or any other offense that may be prescribed, it shall be sufficient to allege in an indictment an intent to defraud without naming the particular person or body corporate intended to be defrauded." Code

of 1851, section 2927; Revision of 1860, section 4667;
Code of 1873, section 4313.. This provision as now incor-
porated into the present Code (section 5298) does not
specifically refer to forgery, but covers, as did the other
provisions, all cases "where an intent to defraud is re-
quired to constitute an offense." There can not be the
slightest doubt, however, of the intention of the Legisla-
ture in the enactment of the present Code to preserve the
former statutory provisions on the subject as applicable
to forgery and similar offenses. What is here said as to the
statutory provision is rather by way of illustration, than
as directly applicable to the case before us. But it does
illustrate the reasonable application of a principle stated
in *Commonwealth v. Butterick, supra,* and *Turpin v. State,
supra,* that forms of indictment are under legislative con-
trol, and a greater strictness than was required at common
law should not be now insisted upon. As a further illustra-
tion of the reasonable rule that unnecessary matters need
not be alleged, we may refer to the case of *State v. Bau-
guess,* 106 Iowa, 107, wherein it was held that, under an
indictment charging indecent and obscene exposure of the
person in a public place, it was not necessary to allege
the name of the person or persons to whom such exposure
was made.

If defendant had been convicted and sentenced under
this indictment, we should not hold, and could not hold
in accordance with precedent and authority, that the con-
viction was improper by reason of the insufficiency of the
indictment, and therefore we must now hold on the state's
appeal that the trial court erred in adjudging that the in-
dictment be set aside and dismissed as insufficient. The
judgment is therefore reversed, and the case remanded for
further proceedings in harmony wtih this opinion.—*Re-
versed* and *remanded.*

WEAVER, J., takes no part.

DEEMER, C. J. (dissenting.)—This case is now before us for the establishment of a proper rule for criminal pleading. Nothing which we may do with it can in any way affect defendant's rights or liabilities. The only concern we should have about it is that we now, if we have not already done so, establish a correct rule of pleading. The offense charged is that of uttering a forged instrument, and the statute, with reference thereto, reads as follows: "If any person utter and publish as true any record, process, certificate, deed, will, or any other instrument of writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeited, with intent to defraud, he shall be imprisoned in the penitentiary not more than fifteen years, and fined not exceeding one thousand dollars." . Code, section 4854. In this state uttering is a distinct crime from that of forgery. See *State v. McCormick*, 56 Iowa, 585. We have no statute expressly providing a form for indictments in uttering cases or indicating what the contents of such an indictment shall be. Section 5286 of the Code reads as follows: "When an offense involves the commission of or an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identifty the act, an erroneous allegation as to the name of the person injured or attempted to be injured is not material." This indicates to my mind that the name of the person injured or attempted to be injured should be stated, and section 5289, par. 6, provides that: "That, when material, the name of the person injured or attempted to be injured be set forth when known to the grand jury, or, if not known, that it be so stated in the indictment." Under this last section, it is held that an indictment for trespass in cutting down trees and carrying away timber must set out the name of the owner of the land. See *State v. McConkey,* 20 Iowa, 574. The offense of uttering is very similar to the crime of counterfeiting. In fact, the language of the

statute as to the uttering of counterfeit coin is practically the same as that of uttering and publishing as true a forged, altered, or counterfeited document, and we have held that an indictment for uttering counterfeit coin must allege the name of the person to whom the coin was offered or passed. See *Buckley v. State,* 2 G. Greene, 162. This decision has never heretofore been questioned, nor in any way departed from, and I think that the majority opinion overrules it. To this conclusion I can not agree, because I believe that the decision in the *Buckley* case is correct and is well fortified by authority from other jurisdictions. It is entirely erroneous to assume that the *Buckley* case is in any manner limited, modified, or controlled by *State v. Callendine,* 8 Iowa, 288; *State v. Barett,* 8 Iowa, 536, or *State v. Newland,* 7 Iowa, 242. Indeed, in *State v. Newland* and *State v. Barett* the indictments did set out the name of the person to whom the instruments were uttered. The form of indictment is not set out in the *Callendine* case; but the court does use the language already quoted by me. The majority rely to some extent upon section 5298 of the Code, reading as follows: "In any case where an intent to defraud is required to constitute the offense, it shall be sufficient to allege in the indictment an intent to defraud, without naming the particular person or body corporate intended to be defrauded, and on the trial of such indictment it is sufficient if there appear to be an intent to defraud the United States or any state, county, city, township, body corporate, officer in his official capacity, copartnership or member thereof, or any particular person." That this section has no bearing upon the case I think is easily demonstrable. Woodward, J., in *State v. Callendine,* in referring to the effect to be given such statutes, said: "Neither our present, nor the past, statutes of this state, have ever been held to dispense with the leading requisites of indictments. The Code, in section 2916, declares that an indictment shall not be quashed if (among other requisites) it

set forth the charge so clearly that the accused can plead the judgment in bar, and if (when material) the name of the injured party be set forth, or stated not to be known to the grand jury. These and similar provisions have never been so construed as to obviate the necessity of the hitherto prominent features of a criminal charge. This indictment appears to us to be a very naked one. It gives neither the tenor nor the purport of the bills, it does not set them out in any manner or degree, nor does it give the letters. When this can not be done, as when the prosecutor has not possession of the instrument, a statement of the fact excuses, but when he can do it, as appears in the present case, it is necessary to do it, that the court may judge of it, and that the accused may have the benefit of it." *State v. Callendine,* 8 Iowa, 296.

This section (5298), referred to by the majority, was simply to dispense with the particular allegation as to the name of the person or persons intended to be defrauded, and it may be held to apply either to uttering or forgery cases, for in each the intent to defraud is an ingredient of the offense. The universal rule with reference to forgery cases is that, if there be no statute such as the one now being considered, it is necessary to allege the name of the person intended to be defrauded, or to state that his name is to the grand jurors unknown. See 2 McClain's Criminal Law, section 771; *Stone v. State,* 20 N. J. Law, 404; *State v. Weller,* 20 N. J. Law, 521; *Gates v. State,* 71 Miss. (16 South. 342); *McDonald v. State,* 58 Ark. 242 (24 S. W. 105); *State v. Odel,* 3 Brev. (S. C.) 552; *Cunningham v. State,* 49 Miss. 685; *Rex v. Rushworth,* Russ. & Ryan, 317. And the same allegation was necessary at common law in uttering cases. *McClellan v. State,* 32 Ark. 609; *State v. Murphy,* 17 R. I. 698 (24 Atl. 473, 16 L. R. A. 550). The effect of the statute just quoted is to dispense with the necessity of alleging the name of the person intended to be defrauded; the statement of a

general intent to defraud being held sufficient. This is all that is held in *State v. Hart,* 67 Iowa, 142, which is a forgery case, and not one for uttering, and this is also the holding in *State v. Maxwell,* 47 Iowa, 454, and *State v. Stuart,* 61 Iowa, 203, which are also forgery cases.

Having disposed of these forgery cases to which many more might be added, we are brought down to the exact question in this case, and that is, Is it necessary in an indictment for uttering to allege the name of the person to whom the instrument was uttered As I have already said, I think this question is decided in the *Buckley* case, *supra,* and I think it ought to be conceded that, if such an allegation were necessary at common law, it is indispensable now. It seems to me that sections 5286 and 5289 of the Code indicate that it is necessary to set forth the name of the party to whom the instrument was offered, because it is part of the description of the offense which should be certain not only that the defendant may accurately know who his accusers are, but that, in case of a second prosecution for the same utterance and passing, he may be able accurately to plead former acquittal or conviction as the case may be. In larceny cases it is essential that the name of the owner of stolen goods be set out as a part of the description or identification of the property, or else its omission must be excused by a statement in the indictment that the owner is to the grand jury unknown. Going now to the authorities, I find the following which hold distinctly that in uttering cases the name of the person to whom the forged instrument was passed must be set out because it is a part of the description of the offense. See *Goodson v. State,* 29 Fla. 511 (10 South. 738, 30 Am. St. Rep. 135) ; *McClellan v. State,* 32 Ark. 609. *Cunningham v. State,* 49 Miss. 685, announces practically the same doctrine. *Riley v. State* (Tex. Cr. App.) 44 S. W. 499, also announces the same rule as I understand it. See, also, to the same effect, *Rouse v. State,* 4 Ga. 136; *Huff v.*

*Commonwealth,* 42 S. W. (Ky.) 907; *Barnes v. Commonwealth,* 101 Ky. 556 (41 S. W. 772). *Williams v. State,* 9 Humph. (Tenn.) 82, also holds, as I think, that in uttering case, the name of the party to whom uttered must be alleged. See, also, *Hooper v. State,* 8 Humph. (Tenn.) 93. *Wilkinson v. State,* 10 Ind. 372, also holds in effect that the name of the person to whom uttered should be stated. See, also, *Brown v. Commonwealth,* 2 Leigh (Va.) 772; *State v. Murphy,* 17 R. I. 698 (24 Atl. 473, 16 L. R. A. 550). In the latter case it is said: "As to the third and last ground of the defendant's objection to the second count, viz., that it does not give the name of the person to whom the order in question was supposed to have been uttered, we think it was well taken. The name of the person to whom the forged instrument was passed, being a material part of the description of the offenses, should have been given if known, or, if not known, this fact should be stated as an excuse for the omission. 2 Bishop, Criminal Law, section 379; *Buckley v. State,* 2 G. Greene, 162; *McClellan v. State,* 32 Ark. 609; *Butler v. State,* 5 Blackf. (Ind.) 280; *State v. Doyle,* 11 R. I. 574; *State v. Smith,* R. I. Index II, 17 (17 R. I. 371, 22 Atl. 282). We are therefore of the opinion that the second count is bad for insufficiency of description, and that the motion to quash the same should have been granted."

In *Butler v. State,* 5 Blackf. (Ind.) 280, it is said: "We have heretofore decided that an indictment for retailing spirituous liquor without license must state the name of the person to whom the sale was made, or state his name to be unknown. *State v. Stuckey,* 2 Blackf. (Ind.) 289; *State v. Jackson,* 4 Blackf. (Ind.) 49. In Virginia, it is true, it is decided that the name of the purchaser in such case need not be alleged. *Hustead v. Commonwealth,* 5 Leigh, 724. The reason given by the court for that opinion is that the purchaser is not injured by the offense. We conceive, however, that the third person's name is re-

quired in such cases, not because he is injured, but be-
cause his designation is a material part of the description
of the offense.    There is an Ohio case which accords with
our opinion of the law.    It is there held that an indictment
against a person for permitting gambling in his house should
give the names of the offenders, or state their names to be
unknown.    *Davis v. State,* 7 Ham. 204.    We think it
is important in such cases that the indictment should,
if possible, allege the name of the third person, in order
that the accused may be the better apprised of the charge
against him.    If the name be not known, that circumstance
should be stated in the indictment as an excuse for omit-
ting the name."

The rule is somewhat uncertain in Massachusetts, but
I think the logical conclusion from *Commonwealth v. Starr,*
4 Allen, 301, is that the indictment should name the per-
son to whom the forged instrument was uttered.    *Gabe v.
State,* 6 Ark. 540, expressly holds that such an allegation
is necessary; indeed, I find but two cases which can be
said to in any way conflict with those cited above, and
these are not in my opinion in point; for the reason that
they are both based upon statutes.    One of these is *Com-
monwealth v. Butterick,* 100 Mass. 11 (97 Am. Dec. 65),
but that case was for forgery and uttering, which were
properly joined in that state, and the decision was based
upon a statute which expressly provided that the name of
the person intended to be defrauded need not be alleged.
The question as to whether or not it was necessary to state
the name of the party to whom the forged paper was
uttered was not involved or in any way considered.    The
one point there made was that the indictment did not name
the person intended to be defrauded.    The other case is
from Louisiana, *State v. Adams,* 39 La. Ann. 238, 1
South. 455.    That case is also based upon a statute which
relieves the pleader of the necessity of setting forth the
name of the person intended to be defrauded.

As some reliance is placed upon *United States v. Bejan-dio*, 1 Woods, 295 (Fed. Cas. No. 14,561), it is enough to quote from that opinon as follows: "The object of the rule requiring under such statute the name of the person to be stated to whom the forged coin was passed was to describe the offense and give the accused notice of the charge he would be called on to meet. I think the averment that the forged coin was passed with intent to defraud some person or persons which is required to be made in an indictment under the United States statute is a substitute for an averment specifying the name of the person to whom the coin was passed. It seems to define the offense and to give notice to defendant of the accusation against him. To require both averments to be made, as that the coin was passed to A. B. to defraud A. B., or was passed to A. B. to defraud C. D., is requiring too great particularity. . . . I think the indictment is a sufficient notice to the defendant of the accusation against him, and defines with sufficient particularity the offense with which he stands charged, that, after he is charged with passing a counterfeit coin to defraud A. B., it would be a matter of form to aver further that he passed the coin to A. or to B., the omission of which could not tend to the prejudice of the defendant. Therefore, even if the omission complained of was a defect in the indictment, it would be cured by the eighth section of the act of June 1, 1872, entitled, 'An act to further the administration of justice.' Chapter 255, 17 Stat. 198."

*State v. Tingler,* 32 W. Va. 546 (9 S. E. 935, 25 Am. St. Rep. 830), is a forgery case or for forgery and uttering, and the only question there decided is that it is not necessary to set out the name of the person intended to be defrauded. The decision is based upon an express statute, and the case is in no manner in point. It does not hold that it is unnecessary to set out the name of the party to whom the instrument was offered. If it did hold

what the majority says it does, I would not regard it as very persuasive authority. The majority also refer to *State v. Waterbury,* 133 Iowa, 135, and *State v. Beasley,* 84 Iowa, 83. Unfortunately it does not appear what the allegations were in the *Waterbury* case, but in the *Beasley* case the indictment specifically charged that the note was uttered and published as true to one David Bell at West Union, Iowa. In *People v. Dolan,* 186 N. Y. 4 (78 N. E. 569, 116 Am. St. Rep. 521), the form of the indictment is not set out, and in *Owen v. State,* 34 Neb. 392 (51 N. W. 971), no question was made regarding the sufficency of the indictment. Even if the fact were otherwise in this and the other cases referred to by the majority, they would not in my opinion be very persuasive because the point was not raised or discussed in any of the decisions cited.

The exact point of difference between me and the majority is that, while the name of the person intended to be defrauded is not necessarily descriptive of the actual transaction either in uttering or forgery cases, yet the name of the person to whom the uttering was made is in uttering cases a part of the description of the offense, and, as said in many of the cases heretofore cited, it should be set out in order that the defendant may be advised of the exact charge, and also that, in case of a second prosecution, he may accurately plead former acquittal or conviction as the case may be. I think the great weight of authority is in favor of this conclusion, and in my opinion the order of the trial court should be affirmed.

Sherwin, J.—I concur in the dissent of Mr. Chief Justice Deemer.