HOLT v. WATSON.

Opinion delivered December 6, 1902.

1. SCHOOLS—EMPLOYMENT OF RELATIVES 'AS TEACHERS.—Under Acts 1901, p. 371, providing that "school directors are hereby prohibited from employing any person as teacher in the public schools related to either of' them by consanguinity or affinity within the fourth degree, unless two-thirds of the patrons of a public school should petition them to do so," school directors will be enjoined from employing as teachers persons related to them, either by consanguinity or affinity, within the prohibited degrees, where no petition of two-thirds of the patrons of the school asked them to do so. (Page 90.)

2. DEGREE OF KINSHIP.—Third cousins are related within the fourth degree, under the rule in *Kelley* v. *Neely,* 12 Ark. 657. (Page 90.)

———

* See *Williams* v. *State,* 63 Ark. 527. (Rep.)

3. AFFINITY DEFINED.—Affinity is the tie which arises from marriage between the husband and the blood relations of the wife, and between the wife and the blood relations of the husband. (Page 90.)

Appeal from Howard Chancery Court.

JAMES D. SHAVER, Judge.

Affirmed.

STATEMENT BY THE COURT.

This was an action to enjoin T. M. Holt, J. B. Cheshir, Jr., and B. H. McClannahan, school directors of School District No. 55, in Howard county, Arkansas, from carrying out the contract they had made with S. W. Reese and T. A. Floyd to teach the public school in said district, and to enjoin the treasurer of that county from paying any warrants drawn in favor of said teachers under said contract, upon the ground that said teachers were related to some of said directors within the fourth degree of consanguinity or affinity.

The cause was heard upon an agreed statement of facts, and the chancellor found that T. M. Holt was related to Reese in the fourth degree of affinity, and decreed that the contract made with him as a teacher was void, and made perpetual the temporary restraining order, which had been previously granted, and found that T. A. Floyd was not within the prohibited degree of relationship to either of said directors, and dissolved the temporary restraining order as to him.

The appellants appealed as to the order making the temporary injunction perpetual as to the contract with Reese, and the appellee took a cross-appeal as to the order dissolving the temporary injunction as to Floyd.

The agreed statement is: "That T. M. Holt, one of the school directors of district No. 55, married J. B. Cheshir, Jr.'s, daughter, who is a first cousin of S. W. Reese's wife, one of the teachers employed, and that the wives of both T. M. Holt and S. W. Reese are living, and that T. M. Holt's wife and S. W. Reese are second cousins. That J. B. Cheshir, Jr., and S. W. Reese's wife are second cousins. That J. B. Cheshir, Jr., and S. W. Reese are third cousins. That B. H. McClannahan's wife and S W. Reese are second cousins, and that B. H. McClannahan's wife and S. W. Reese's wife are second cousins, and that John F. Sullivan, who resigned as school di-

rector, is a nephew of S. W. Reese. That T. M. Holt's wife and T. A. Floyd are second cousins. That J. B. Cheshir, Jr., and T. A. Floyd are second cousins. That B. H. McClannahan's wife and T. A. Floyd are third cousins, and that S. W. Reese and T. A. Floyd, the teachers employed, are second cousins; and that none of the directors are otherwise related to either of the teachers, S. W. Reese and T. A. Floyd. That no petition has been signed by two-thirds of the patrons of said school district No. 55 requesting said directors to employ said teachers to teach the public school. That the directors nor no one else ever announced to the plaintiffs, either publicly or privately, that a public school would be taught in said district before the beginning of said term. That the number of children of scholastic age residing in the said district are about 92, and that 26 of the pupils of said district will not be permitted to attend said school by their parents or guardians should the present teachers continue to teach said school. That said teachers have been teaching in said school district No. 55 since the 20th day of October, 1902, under written contract with said directors made on the date and before the restraining order herein was served on or known of by any of the defendants. That there has been no regular meeting or meetings of school directors of School District No. 55 nor any call meeting when all the said school directors had written notice of the time and place and purpose of said meeting, since J. B. Cheshir, Jr., was appointed school director of said district. All the directors had notice of the meeting, but none had written notice. All were present when the contract was made, and all unanimously agreed thereto."

*W. C. Rodgers* for appellant.

A contract already entered into cannot be enjoined. 58 Mich. 286; 12 Fla. 26; 2 Green, Ch. 141; 79 Ind. 109; 70 N. C. 518; 43 Ill. App. 15; 68 Ill. 121; 81 Cal. 143; 45 La. Ann. 673; 16 Wis. 682. The statute is both civil and criminal, and must be strictly construed. 56 Ark. 224; 59 Ark. 344, 356; 22 Pick. 325; 38 Miss. 118, 165; 12 Allen, 438; 1 Gilm. (Ill.), 131; 101 U. S. 188; 3 Denio, 594; 23 Cal. 462; End, Inter. § 127; Suth. Stat. Con. § 400. The relative must be within the fourth degree of consanguity or affinity. 4 Kent, Com. 412-3; 10 Lea (Tenn.) 1; 29 Me. 531, 542; 32 Me. 310; 12 Vt. 661; 61 S. C. 29; 39 S. E. 181; 2 Cyc. Law & Pro. 38; 29 Me. 545; Affinity, Wingf. Adjudged Words & Phrases,

Aud. Law Dict.; Abbott, Law, Dict.; Tomlin, Law Dict. The affines of the wife are not the affines of the husband, and *vice versa.* 26 Fla. 1; 2 Barb. Ch. 331; 1 Denio, 186; 14 Ind. App. 27; 45 Ga. 414; 84 Ga. 145; 1 !Denio, 25; 53 Ga. 584; 26 N. E. 986; 140 Mass 425; 29 Me. 545; 89 Ala. 63; 52 Tex. 481; 45 Sup. Ct. N. Y. 80; 47 Ga. 229; 38 Me. 44; 11 Humph. (Tenn.), 232; 89 Ga. 527; 91 Ga. 531; 97 Ga. 388; 10 Lea. (Tenn.) 1; 5 Mart. (O. S.), 482; Bl. Com. 435; 5 Watts (Pa.), 218; Cooper's Just. 422, 423. The rule in 12 Ark. 657 is not the law. Sand. & H. Dig. § 4908; 5 Ark. 207; 47 Ark. 359; 47 Ark. 367. This court will overrule former erroneous decisions. 47 Ark. 359, 379, 362.

*D. B. Sain* for appellees.

An illegal contract will be enjoined. 64 Ark. 489. The selection of teachers by the directors was in violation of the statute. Acts 1901, p. 371; 101 Ga. 287; Bouv. L. Dict. 327; 45 Ala. 486; 67 Ala. 271; 61 Ala. 169; 77 Ga. 46; 62 Vt. 75; 7 Cow. (N. Y.), 478; 2 Barb. Ch. 333; 41 Edw. III, 9; 1 Hill (N. Y.), 654; 1 Am. & Eng. Enc. Law, 912; 12 Ark. 657; 3 Harr. (Del.) 139. Where there is doubt. the court will not reverse or change a deci- ' sion. 5 Ark. 83; 7 Ark. 207; 43 Ark. 513; 56 Ark. 294.

HUGHES, J. (after stating the facts.) It appears from this agreed statement that J. B. Cheshir, Jr., one of the school directors, and S. W. Reese, one of the teachers employed, are third cousins. This makes them relations by consanguinity within the fourth degree. It also appears from said agreement that T. M. Holt's wife and S. W. Reese are second cousins, which, according to the decision in the case of *Kelley* v. *Neeley,* 12 Ark. 657, makes them related within the fourth degree by affinity.

It also appears from said agreed statement of facts that J. B. Cheshir, Jr., and T. A. Floyd are second cousins, which constitutes them relations by consanguinity within the fourth degree.

Section 1 of the act of 1901 (Acts of 1901, p. 371) provides: "That school directors are hereby prohibited from employing any person as teacher in the public schools related to either of them by consanguinity or affinity within the fourth (4th) degree, unless two-thirds of the patrons of a public school should petition them to do so."

' Affinity is defined to be "the tie which arises from marriage

between the husband and the blood relations of the wife, and between the wife and the blood relations of the husband." 2 Cyc. 38; *North Ark. & W. Ry. Co.* v. *Cole, ante,* p. 38; Burrill, Law Dictionary, "Affinity"; Anderson, Law Dictionary, "Affinity." Consanguinity is blood relationship.

It therefore follows that the decree of the chancellor as to the contract the school directors made with Reese, the teacher, is correct, and is therefore affirmed, and as to the contract made with T. A. Floyd, the decree is erroneous, and is reversed and remanded, with directions to enter a decree below in accordance herewith.