## SNOW v. STATE.

### Opinion delivered January 20, 1908.

1. FORGERY—SUFFICIENCY OF INDICTMENT.—An indictment for forging a deed of land with intent to defraud the owner of the land need not show upon its face in what manner the owner is to be defrauded, that being matter of proof upon the trial. (Page 205.)

2. SAME—COMPETENCY OF EVIDENCE.—Under an indictment for forgery of a deed of land, it is admissible for the State to show that this forgery was a link in a chain of evidence which would have made out a proper title in defendant, or that the forgery constituted color of title which, in connection with adverse possession for the requisite period of time, would have established title in him. (Page 206.)

3. SAME—MODIFICATION OF INSTRUCTION.—In a prosecution for forgery of a deed, defendant requested an instruction that it must appear from the evidence that the instrument must have some adaptation to accomplish a legal wrong, failing in which there is no forgery; that if the deed claimed to have been forged would not, if it were genuine, deprive prosecutor of the land, if it were his, or if the deed as it is it not adapted to deprive him of the land "to which he has a good and valid title such as to make him the owner of it," then the jury should find the defendant not guilty. *Held,* that the clause quoted was properly stricken out as this was not a trial of title to land, but a prosecution for forgery. (Page 207.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

N. D. Snow was indicted for forgery. The indictment contained two counts, the first of which alleged that on the 29th day of January, 1906, he did "unlawfully, wilfully, knowingly and feloniously and fraudulently make, forge and counterfeit a certain paper writing purporting to be a deed from W. F.

Snow and C. C. Snow, and the acknowledgment thereof, to the said N. D. Snow, conveying certain land in Lonoke County, Arkansas, which was then owned by Will W. McCrary, Jr.," and then set out in full a quitclaim deed purporting to be from W. F. and C. C. Snow to defendant bearing date of August 22, 1899, and to be acknowledged, and further alleged that "the false and fraudulent making of the said writing was done with the fraudulent and felonious intent then and there to cheat and defraud the said Will W. McCrary, Jr., and to cause him, the said W. W. McCrary, Jr., to be injured in his estate." The second count alleged the further crime of uttering a forged writing in language substantially the same as in the first count.

The court overruled a demurrer to both counts of the indictment, and defendant was convicted, and has appealed.

*George Sibly* and *George M. Chapline,* for appellant.

If the alleged forged instrument can by no possibility prejudice any one in relation to his estate, it will not be an offense within the statute. 8 Am. & Eng. Enc. Law, 487, note 9. To warrant a conviction, it must appear from the evidence that the tract of land mentioned in the indictment belonged to McCrary, and that the forged deed would have deprived him of the land, and that his right and title would have been impaired by the deed. 2 Wharton, Crim. Law, § § 1419, 1440; *Id.* § § 1498-9; 15 Ohio, 717; 2 Russell on Cr. 343. If the deed, being genuine, could not deprive McCrary of his title or defraud him of the land, nor injure any one in his title, then the forgery of the deed would be no offense. Cases *supra.* "The intent to defraud some one must be proved as laid." 2 Bishop, New Crim. Law, § 543, par. 2; 5 Ark. 350; 13 Am. & Eng. Enc. Law (2 Ed.), 1084, note 5; *Id.* 1085, note 4. See also 32 Ark. 166, 170; 58 Ark. 242; 62 Ark. 517; 62 Ark. 516. As to the second count, one can not be convicted of uttering a forged deed, where the instrument on its face purports to have been acknowledged before one who was not in fact an officer authorized to take acknowledgments. Kirby's Digest, § 752; 8 Am. & Eng. Enc. Law, (1 Ed.), 463; 13 *Id.* (2 Ed.), 1101. See also 35 Cal. 507; 15 Ohio, 717; 45 Am. Digest, 601.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* for appellee.

HILL, C. J. Snow was indicted for forging and uttering a forged deed; was convicted on both counts and sentenced to the penitentiary; and has appealed.

The principal question on the appeal, presented in many ways, is whether the indictment is sufficient; and it is quite a difficult question. It will be noted that the indictment is framed in the language of section 1714 of Kirby's Digest; but it does not allege wherein W. W. McCrary, Jr., would be injured by the forged deed or its utterance. The indictment alleges that McCrary is the owner of the land, and then in apt terms follows the language and the general terms of the statute in charging Snow with intent to defraud McCrary with said forged deed and cause him to be injured in his estate. It is insisted that extrinsic facts must be shown indicating wherein there has been an injury to McCrary or his estate by the forged deed from W. F. Snow to N. D. Snow. If the forgery was a deed of McCrary to the defendant, then it would be clear wherein the injury or attempted injury would occur; but such is not the case, as the forgery is of a deed from one party to another, neither of whom is shown to be the owner of the land in the indictment.

Under this indictment evidence was adduced showing that Mrs. Amanda Emonson was at one time the owner of the land, and that McCrary's title was derived from inheritance from his mother, who had acquired title by deed from Mrs. Emonson. At the same time that the defendant offered for filing the deed charged in the indictment to be a forgery, another deed, which the evidence also tends to show was a forgery, from Amanda Emonson to W. F. Snow was also offered by him for record. This would have completed the title in Snow, and the injury to McCrary would have been clear. The question is, whether this evidence can be admitted under this indictment; and is it sufficient to sustain it?

This question was exhaustively considered on the authorities in *West* v. *State,* 22 N. J. L. 212, which was a case arising under a statute similar to the one under which Snow was in-

dicted, and was for the forgery of a deed which constituted a link in the chain of title, and was in all respects similar to the case at bar! The court therein said: "But the cases all agree that it is not necessary to show upon the face of the indictment *how* or *in what manner* the party is to be defrauded. That is matter of evidence upon the trial. It is enough if by possibility he may be defrauded, upon the face of the indictment. That it is not necessary to show upon the face of the indictment any apparent connection between the transaction and the party to be defrauded is apparent from the precedents. * * * It was suggested, upon the argument, that a different form of indictment was necessary where the instrument alleged to be forged respected real estate. But why so? No such rules exist at common law. * * * The statute draws no distinction between the two classes of instruments. * * * This count being in the terms of the statute, including all the essential ingredients of the offense, and being in accordance with approved precedents under similar statutes, we are of opinion that this error can not be sustained."

If this indictment would be good under the common law pleading, as demonstrated by Chief Justice Green in this case, *a fortiori* it would be good under the Code system of pleading; and this seems to be the general rule upon the subject.

"It is not necessary that the indictment should contain averments showing how the false instrument would, if true, create, increase, diminish, discharge or defeat any pecuniary obligation; or would transfer or affect any property whatever. These are deductions of law, not necessary to be averred." 9 Enc. Plead. & Prac. 588.

The indictment here, being in each count in the language of the statute, and showing upon its face an instrument which, if genuine, could be shown to injure the estate of McCrary, is sufficient.

As indicated, there was evidence tending to prove that this forgery was a link in a chain which would have made out a paper title in the defendant. This was all proper evidence tending to show criminal intent in forging the instrument and showing an instrument which, if genuine, would have injured McCrary. There was testimony showing that McCrary was

the owner of the land, and that he, through his relatives (he was an infant), was in possession of the land. There was also evidence tending to prove that Snow was the owner of the land and in possession thereof. These were all questions of fact.

The defendant asked the court to instruct the jury as follows: "It must appear from the evidence that the instrument forged must have some adaptation to accomplish a legal wrong, failing in which there is no forgery. If, therefore, the deed claimed to have been forged would not, if it were genuine, deprive the said W. W. McCrary, Jr., mentioned in the indictment, of the land, if it were his, or if the deed as it is is not adapted to deprive the said W. W. McCrary, Jr., of the land, to which he has a good and valid title such as to make him the owner of it, then you will find the defendant not guilty." The court struck out of the instruction the words, "to which he has a good and valid title such as to make him the owner of it." In this the court was right, because this was not a trial of the title to real estate, but was a trial of Snow upon the charge of forging an instrument which would enable him to obtain possession or deprive another of property or cause him to be injured in his estate or lawful rights.

On one side is evidence to show that McCrary owned the land and was in possession; on the other there was evidence to show that Snow was in possession. Snow had no other deed than the alleged forged deed. If he was in possession, this deed was of date more than seven years prior to the time it was offered for record; and if he had possession of any part of the land, then possession under color of title would give him possession of all of it. There is no difficulty in this case as to the sufficiency of the evidence to support the conviction. The difficulty is to determine whether the averments are sufficient to charge the defendant with a public offense. But, as has been shown from the authorities, they are sufficient to sustain the indictment; and, when that is done, then practically all of the questions that are urged against the conviction go out of the case.

Counsel for appellant has presented many questions that are not discussed herein, but which have been fully considered

by the court, and no reversible error is found. The judgment is affirmed.

Mr. Justice Wood dissents.