## STITH *v.* STATE.

Opinion delivered September 27, 1915.

1. FORGERY—NAME OF PERSON—MATERIALITY.—The name of the person to whom a forged instrument was passed is a material part of the description of the offense, and when omitted, or the omission is unexplained and unexcused, the indictment will be held bad.

2. FORGERY—INSTRUMENT FORGED.—The following instrument held to be such as to be the subject of an act of forgery: "Express Agt. Please let bearer have my package, oblige. Sam Stith."

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; reversed.

*A. N. Meek* and *R. K. Mason,* for appellant.

1. The indictment is insufficient in that the name of the party against whom the order was drawn is not stated, and there is no allegation that his name was unknown to the grand jury. The demurrer should have been sustained. Kirby's Dig., § 2228.

2. Sam Stith, a witness for the State, testified that appellant's name is Sam—better known as George. One who signs his own name to a document or paper can not be held guilty of forgery. Kirby's Dig., § 1714. Under this evidence nothing more is shown than a case of false pretenses.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The indictment is sufficient. While it is somewhat uncertain as to what express agent is meant, yet this uncertainty is dissipated by the proof that it was the agent of the Wells Fargo & Company Express. 113 Ark. 118.

In a case of forgery, two persons may be defrauded, the person whose name is signed, and the person who received the order as true. In this case the indictment

is sufficient to be sustained on the theory that Sam Stith was defrauded by the action of the appellant.    80 Ark. 222, 224.

HART, J.    The appellant, G. W. Stith, was convicted of the offense of forgery and has duly prosecuted an appeal to this court.

The indictment omitting the formal parts is as follows:

"The grand jury of Ouachita County, in the name and by the authority of the State of Arkansas, on oath accuse the defendant, George Stith of the crime of forgery committed as follows, towit:   The said defendant, George Stith in the county and State aforesaid, on the 26th day of October, A. D., 1914, did then and there wilfully, unlawfully and feloniously, fraudulently and falsely make, forge and counterfeit a certain paper writing and sign thereto said paper writing the name of Sam Stith without his knowledge or consent; said writing purporting to be an order drawn upon the express agent to let the bearer have a package, which said false and forged order is in words and figures, towit:
"Express Agt.

Please let bearer have my package, oblige.

Sam Stith.''

and the false and fraudulent making, forging and counterfeiting of said order and signing the name of the said Sam Stith was done with the felonious and fraudulent intent then and there to cheat and defraud the said express agent out of the said package aforesaid, to the great damage and injury of the said express agent contrary to the statutes in such cases made and provided, against the peace and dignity of the State of Arkansas.''

(1)    The appellant interposed a demurrer to the indictment which was overruled by the court and his counsel now assigns as error the action of the court in overruling his demurrer.    The trial court should have sustained the demurrer to the indictment.    This court has held that the name of the person to whom the forged instrument was passed is a material part of the description

of the offense. *McClellan* v. *State*, 32 Ark. 609. The indictment in the case at bar attempts to charge the defendant with passing a forged order but does not allege any person firm or corporation to or upon whom the same was uttered or passed. The indictment does not excuse this omission with any statement that the person to or upon whom it was uttered or passed was to the grand jury unknown. The object of naming the injured person in the indictment is not only that the defendant may properly prepare for his defense but that in case of a second prosecution for the same offense he may accurately plead former conviction or acquittal as the case may be.

(2) Again it is contended by counsel for defendant that the instrument alleged to be forged is not addressed to any particular person and therefore is not the subject of forgery. We do not agree with counsel in this contention. It is true the instrument is not addressed to any particular person firm or corporation. It is apparent, however, that it was addressed to the agent of the express company which had charge of the package consigned to Sam Stith and if the order had been genuine it was explicit and clear enough to warrant the express agent in delivering the package to the bearer. This being true, its uttering was forgery.

For the error of the trial court in overruling the demurrer of appellant to the indictment, the judgment must be reversed and the case will be remanded for further proceedings according to law.