## STITH v. STATE.

### Opinion delivered September 25, 1916.

1. FORGERY—INDICTMENT—NAME OF PERSON ATTEMPTED TO BE DE-FRAUDED.—In an indictment charging forgery it is necessary to set forth the name of the person defrauded or attempted to be defrauded; however it is unnecessary to state the facts showing the manner in which the party has been defrauded by the forgery, for that is a matter to be established by the proof upon the trial of the case.

2. FORGERY—SUFFICIENCY OF INDICTMENT.—An indictment charging defendant with forging the name of Sam Stith to a writing in the following form: "Express Agt. please let bearer have my package, oblige Sam Stith," and containing an allegation that the act of forgery was committed for the purpose of cheating and defrauding Sam Stith, *held* to be a valid indictment.

Appeal from Ouachita Circuit Court; C. W. Smith, Judge; affirmed.

*H. P. Smead* for appellant.

1. The indictment does not allege the name of any person, firm or corporation to or upon whom the alleged false instrument was uttered or passed. Unless excused by an allegation that such person was to the grand jury unknown, this is a fatal omission. 120 Ark. 170.

2. A bill of exceptions is not necessary where the error appears from the record and does not grow out of the admission or exclusion of evidence, or the giving or refusing instructions. 46 Ark. 21; 111 Ark. 474; 100 Ark. 517.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

The offense charged is not the uttering or passing of a forged instrument, but the crime of forgery only— a distinctly different offense. Hence, neither the case relied on by appellant, *Stith* v. *State*, 179 S. W. 178, 120 Ark. 170; nor *McClellan* v. *State*, 32 Ark. 609, applies. The indictment is sufficient. Kirby's Dig., §§ 1714, 1712; 12 Ruling Case Law, 140; *Id*, 155; 91 Ark. 485; 85 Ark. 203.

McCULLOCH, C. J. Appellant was convicted under an indictment charging him with forging the name of

his father, Sam Stith, to a writing in the following form: "Express Agt. please let bearer have my package, oblige, Sam Stith." The indictment contains an allegation that the act of forgery was committed for the purpose of cheating and defrauding Sam Stith.

The only question raised on this appeal concerns the sufficiency of the indictment. Counsel for appellant rely on the case of *Stith* v. *State*, 120 Ark. 170, 179 S. W. 178, which was an indictment against the present appellant for the same act; but it was alleged therein that the forgery was committed for the purpose of defrauding the express agent, without naming him, and we held that the indictment was insufficient. The indictment in the present case is different, however, in that it directly charges the felonious intent to defraud a particular individual—Sam Stith. There is a conflict in the authorities concerning the necessity for a specific allegation designating the person sought to be defrauded, but this court is committed to the rule that in such cases it is necessary to set forth the name of the person defrauded or attempted to be defrauded. *McClellan* v. *State*, 32 Ark. 609; *Stith* v. *State, supra.*

The allegations concerning the person defrauded may, however, be general, and it is unnecessary to state the facts showing the manner in which the party has been defrauded by the forgery, for that is a matter to be established by the proof upon the trial of the case. *Snow* v. *State*, 85 Ark. 203.

We are of the opinion, therefore, that the indictment is sufficient, and that the court was correct in overruling the demurrer.

Affirmed.