## TEMPLE v. STATE.

### Opinion delivered November 27, 1916.

1. FORGERY—AVERMENTS IN INDICTMENT.—It is not necessary to show upon the face of an indictment how or in what manner the party is to be defrauded; that is a matter of evidence; it is enough, if by possibility he may be defrauded, upon the face of the indictment. It is not necessary to show upon the face of the indictment any apparent connection between the transaction and the party to be defrauded.

2. FORGERY—INDICTMENT AND PROOF—VARIANCE—DEED TO LAND.— There is no variance between an indictment charging forgery and the proof where defendant was charged with uttering a forged deed covering certain lands, and proof which showed that the party, who it was alleged was the owner of the said lands, owned only a portion thereof.

3. FORGERY—FORGED DEED—GIVING TO PERSON TO PLACE UPON RECORD. —An indictment which alleged that defendant "did utter and publish as true to B. L. B., a helper and employee in the office of C. K. W., who is the clerk of Bradley County Court and the Recorder of Deeds for Bradley County, * * * with the felonious intent then and there to file and have recorded a forged and fraudulent deed * * * ," *held*, valid.

4. EVIDENCE—PROOF OF DEED BY RECORD.—In a prosecution for forgery, it was not improper to permit the introduction of the record of certain deeds, in the claim of title to the land, concerning which it was alleged that forged deeds had been uttered by the defendant, without proof that the original deeds were either lost or destroyed.

5. CRIMINAL PROCEDURE—PEREMPTORY CHALLENGE BY STATE OF JURORS ACCEPTED BY BOTH SIDES.—It is an abuse of the discretion of the trial court, to permit the State, in a criminal trial, to challenge peremptorily a juror who has been accepted by both sides, after the defense has exhausted all of its peremptory challenges.

Appeal from Bradley Circuit Court; *Turner Butler*, Judge; reversed.

*J. R. Wilson*, for appellant.

1. The special venire should have been discharged and set aside.

2. After the defendant's peremptory challenges were exhausted, it was error to allow the State to challenge two jurors.

3. The record of deeds is not admissible unless the originals are shown to have been lost or mislaid. No foundation was laid and the record does not show that the deed contained all the lands included in alleged forged deed.

4. Incompetent evidence was admitted.

5. The burden was upon the State to prove title. Material allegations must be proved as laid in the indictment. 30 Ark. 131; 9 *Id.* 193,196; 22 *Id.* 251; 62 *Id,* 542; 34 *Id.* 160; 61 *Id.* 16; 55 *Id.* 244; 55 *Id.* 246; 42 *Id.* 74; 13 *Id.* 688; 62 *Id.* 459; 77 *Id.* 538; 66 *Id.* 121; 97 *Id.* 179; 102 *Id.* 629; 73 *Id.* 34, 169; 70 *Id.* 144; 63 *Id.* 488; 19 Cyc. 1412; 22 *Id.* 370. The record of the forged deed was incompetent. 129 S. W. 886; 124 *Id.* 946.

6. The court erred in its charge to the jury and in admitting testimony. *Malony* v. *State*, 91 Ark. 485.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. Temple knew that he was uttering a forged instrument when he placed the deed on the record. He made no attempt to show that he ever had any title to the lands.

2. The objections to the special venire were properly overruled.

3. A proper foundation was laid for the introduction of the record of the deeds.

4. The indictment was good.

5. The instructions contain no error and the evidence sustains the verdict.

6. It is unnecessary to state whether the company is a corporation or a partnership. Kirby's Digest, § 2233. See also *Ib.*, §§ 2229, etc. No prejudice has been shown.

SMITH, J. Appellant was convicted under an indictment which charged him with uttering a forged instrument. The material allegations of the indictment are that he "did utter and publish as true to B. L. Beasley, a helper and employee in the office of G. K. Watkins, who is clerk of Bradley County Circuit Court and the recorder of deeds for Bradley County, * * * with the felonious intent then and there to file and have recorded a forged and fraudulent deed in the deed records for Bradley county, with the felonious intent then and there unlawfully, fraudulently, and feloniously to defraud the said lumber company, a corporation organized and doing business under the laws of the State of Arkansas, out of the said lands described in the said forged and fraudulent deed * * *."

(1) A number of objections were made to this indictment, and as respecting its sufficiency these questions are similar to those raised in the case of *Snow* v. *State*, 85 Ark. 203. In that case the court quoted with approval from the case of *West* v. *State*, 22 N. J. L. 212, the following language:

"But the cases all agree that it is not necessary to show upon the face of the indictment *how* or *in what manner* the party is to be defrauded. That is matter of evidence upon the trial. It is enough if by possibility he may be defrauded, upon the face of the indictment. That it is not necessary to show upon the face of the indictment any apparent connection between the transaction and the party to be defrauded, is apparent from the precedents. * * * It was suggested, upon the argument, that a different form of indictment was necessary where the instrument alleged to be forged respected real estate. But why so? No such rules exist at common law. * * * The statute draws no distinction between the two classes of instruments. * * *

This count being in the terms of the statute, including all the essential ingredients of the offense, and being in accordance with approved precedents under similar statutes, we are of opinion that this error can not be sustained.''

And the same opinion also quoted from 9 Enc. Plead. & Prac. 588, the following statement of the law:

''It is not necessary that the indictment should contain averments, showing how the false instrument would, if true, create, increase, diminish, discharge or defeat any pecuniary obligation; or would transfer or affect any property whatever. These are deductions of law, not necessary to be averred.''

(2) According to the State's theory of the case, the forged instrument was placed of record to give color of title to the land there described for cutting timber on part of which appellant had been indicted for trespassing. That case was pending and undisposed of at the time this deed was filed for record. This deed might have been of importance in measuring the amount of damages recoverable by the lumber company in a suit for trespassing under section 7976 of Kirby's Digest. And, as was said in the case of *Snow* v. *State, supra,* this deed would constitute color of title to the land there described so that possession of a part of it would have given title to all of it.

It is urged that inasmuch as the proof does not show that the lumber company owns all of the land described in the alleged forged deed there is a variance between the allegation and the proof. But we are unable to agree with counsel in this respect. The proof would be sufficient and the conviction could be sustained if the proof showed ownership in the lumber company of *any* of the lands described in the deed set out in the indictment. There can no more be said to be a variance here than would exist where the indictment charged one with the larceny of a cow and a horse, when the proof showed the ownership only of the horse.

(3) Objection is also made to the allegation and proof that the deed was uttered and published as true

"to B. L. Beasley, a helper and employee in the office of G. K. Watkins, who is the recorder of deeds." This is upon the ground that no such officer as helper is known to the law, and that the deed could have been uttered and published as true only by delivering it to some one who had authority to place it of record. But the indictment does allege that the deed was delivered to the helper for the purpose of having it filed and recorded. One may do an act by his own hand or by the hand of another, and giving this deed to a helper in the recorder's office to deliver to his employer is as much an utterance of the deed as delivering it directly to the recorder would have been. And the proof shows this helper gave the deed to the deputy recorder, who placed it of record. In the case of *Elsey* v. *State*, 47 Ark. 576, it was said:

"The putting of a forged deed upon record as genuine has been held to be an uttering of it; and so has the bringing of a suit upon a forged paper."

(4) It is very earnestly urged that error was committed in the introduction of the deed records to prove certain deeds appearing in the chain of title of the lumber company without proof of the loss of the original deeds. For instance, it was insisted that the original patent from the State to the Mississippi, Ouachita & Red River Railway Company should have been offered in evidence, as it was shown to be in existence, and it is argued that if these originals had been produced it might have been shown that they were not properly recorded, or, even, indeed, that they were never, in fact, executed by the person who purported to have executed them. This is mere surmise, however, and no attempt was made to offer such proof. The proof showed that this document was very old and very much worn, and that it purported to convey between one hundred and two hundred thousand acres of land, and was in possession of a resident of Danbury, Connecticut, who had no interest in this prosecution or the lands involved therein. We think this proof sufficiently accounted for the non-production of this patent; and that the same

thing may be said in regard to the record of other deeds offered in evidence. These deeds appeared to have been properly acknowledged and had been recorded, and were properly admitted in evidence. Section 756 of Kirby's Digest.

(5) After appellant had exhausted all his peremptory challenges, the court, over his objection permitted the State to challenge two jurors who had previously been examined and accepted, and this action is assigned as error.

In the case of *Williams* v. *State*, 63 Ark. 527, it was held an abuse of discretion to permit the State to interpose peremptory challenges to jurors who had been accepted by both parties after the defendant had exhausted his peremptory challenges in the absence of any showing that the defendant was not prejudiced thereby. Other cases on this subject are as follows: *Glenn* v. *State*, 71 Ark. 87; *Bevis* v. *State*, 90 Ark. 589; *Dewein* v. *State*, 114 Ark. 484; *McGough* v. *State*, 113 Ark. 301; *Carr* v. *State*, 81 Ark. 589; *Allen* v. *State*, 70 Ark. 337.

It was held in some of these cases that the court, in its discretion, might permit the State to use a peremptory challenge on a juror who had been accepted by both sides where the defendant had not exhausted all his peremptory challenges; but in all the cases in which it was held not to have been error to permit this action, the defendant had not exhausted his peremptory challenges. The test seems to be whether the defendant has remaining as many challenges as the State is permitted to exercise, and upon the authority of these cases, the judgment of the court must be reversed.

Numerous other assignments of error are pressed upon our attention; but they relate to matters which are not of sufficient importance to require discussion; or to occurrences at the former trial which are not likely to recur upon a trial anew.

The judgment is reversed and the cause remanded.